Logue v. Bateman.

WILLIAM A. LOGUE, administrator of Eli Bateman, deceased,

*v.*

ROBERT M. BATEMAN et al.

A testator gave to his wife a house and lot and certain personal property, to have "during her natural life to use as she may think best," and "at her death the house and lot and all the personal property that may remain unused or undisposed of by her shall go to my grandchildren," and so forth.—*Held,* that the language relating to the personal property did not confer on the widow more than a life estate therein.

On bill, answer, and proofs.

*Mr. William E. Potter,* for complainant.

*Mr. Edward A. Armstrong,* for defendants.

BIRD, V. C.

I am called upon to give construction to the will of Eli E. Bateman, who died in July, 1886. The question is, whether a gift to his wife was absolute or otherwise. To determine this, the whole will must be considered ; but especially the item which I quote :

"I give, devise and bequeath to my wife, Sarah, the house and lot where I now live, which I purchased of Daniel C. Pierson and wife, containing about twelve acres; all the furniture in said house; also all the flour, pork, lard, ham, and all the vegetables that I may have at my decease, cow, and all the firewood she may want from any of my woodland. * * * I also give to her the sum of $5,000 in cash, or in bonds and mortgages, she having the privilege of selecting them; to have all the before-mentioned property, both real and personal, during her natural life, to use as she may think best. My will further is that at her death the house and lot and all the personal property that may remain unused or undisposed of by her, shall go to my grandsons, Eliston R. Bateman, Robert M., and granddaughter, Sarah H., to be equally divided between them."

In the next item he gives to his grandson Eliston R. Bate-

man a lot of woodland, a lot of marsh-land, a gold watch, some
surgical instruments, and other personal property, and—

> "Also $4,000 in cash, or bonds and mortgages, and so much of the above
> property, both real and personal, that shall remain unused or undisposed of,
> by sale or otherwise, by him before his death, shall be equally divided
> between his brother, Robert, and sister, Sarah, share and share alike. I also
> give to him my gun, cane and pistol. If he should leave lawful heirs, child
> or children of his own, then they each to have an equal share with Robert
> and Sarah."

In the next item he gives to his grandson Robert M. Bate-
man a lot of woodland, a salt marsh, all his wearing apparel,
a gold pencil—

> "Also the sum of $4,000 in cash, to be put out by my executrix hereinafter
> named, on good and sufficient security, and the interest collected annually
> and used for his maintenance and support, as he may need, until he arrives
> at the age of twenty-one years, to remain, both principal and interest, under
> the control of my executrix until that time; then the principal and so much
> of the interest as may remain unused for him shall be paid to him. My will
> further is that whatsoever of the above-mentioned estate, both real and per-
> sonal, that shall remain unused or not disposed of by him during his natural
> life, shall be equally divided between his brother, Eliston, and sister, Sarah.
> Should he leave child or children of his own, then each to have an equal
> share with Eliston and Sarah"

He gave to his granddaughter, Sarah, certain articles of per-
sonal property, a tract of woodland and the sum of $4,000 in
cash, to be put out at interest by his executrix, under whose care
it was to remain until she should arrive at the age of twenty-one
years, when she was to be entitled to the principal. To this
gift these words are added:

> "Should Sarah, my granddaughter, die before using or disposing of the
> above-mentioned personal and real estate, then what remains to be equally
> divided between her two brothers, Eliston and Robert. Should she have a
> child or children of her own, in that case it shall go to them."

And then, by a residuary clause, all of his estate remaining,
real, personal or mixed, he gives to his wife, Sarah, and the said
three grandchildren, Eliston, Robert and Sarah, to be equally
divided between them, share and share alike.

It is admitted that the widow, Sarah, took no more than a life estate in the house and lot. But it is insisted that she took an absolute estate in all the personal property. The language of the will, under which this claim is made, is found in the clause first above recited. In this clause the testator says:

" To have all the above-mentioned property, both real and personal, during her natural life, to use as she may think best."

Here evidently is the gift of a life estate only·; but the testator adds these words:

" My will further is that at her death the house and lot, and all the personal property that may remain unused or undisposed of by her, shall go to my grandsons " &c.

Upon which the argument that the absolute estate passed to her is founded. It is urged that the phrase " undisposed of" signifies, necessarily, an unqualified gift; that there can be no such absolute right of disposition as is here implied without an unqualified title. But it seems to me that this question has been set at rest in New Jersey in the case of *Downey* v. *Borden, 6 Vr. 74.* The chief-justice there declared the rule to be: " That where an estate for life is expressly given, and power of disposition is annexed to it, in such case the fee does not pass under such devise, but the naked power of disposition of the fee. But it is otherwise when there is a gift generally of the estate with a power of disposition annexed. In this latter case the property itself is transferred " (referring to a number of authorities). On appeal, Justice Depue said: "As a rule of construction, the rule is entirely settled that, where lands are devised in the first instance in language indeterminate as to the quantity of the estate for which an estate for life would result by implication, and words adapted to the creation of a power of disposal without restriction as to the mode of execution are added, the construction will be that an estate in fee is given; but where the quantity of the estate of the taker is expressly defined to be for life, the superadded words will be construed to be the mere gift of a power of disposition "

(*7 Vr. 460–466*), sustaining the views of the chief-justice in the court below. The same experienced judge considered the effect of similar words in the case of *Pratt* v. *Douglas, 11 Stew. Eq. 516*, with a reference to the case of *Downey* v. *Borden,* and said : "It was held by this court, on a devise of lands expressly for life, that superadded words granting a power to sell in fee would not enlarge the life estate to a fee. The same rule of construction is applicable to bequests of personal estate."

In the case under consideration both real and personal property are given to the widow during her natural life, to use as she may think best, with a direction that the real estate and all the personal property that may remain unused or undisposed of shall go over to others. It seems to me that, beyond dispute, the estate thus given is controlled by the authorities above referred to, and that the life estate is not enlarged into an absolute and unqualified property by the use of the words, "unused or undisposed of." If the question were to be considered under any of the other clauses in the will which I have quoted and referred to, a different rule might prevail, because in each of them the testator has omitted to say that the gift was for life, or to use any words by which the implication might arise that he intended to place his grandchildren in this particular upon the same footing that he did his widow. It seems to me that it would be a useless expenditure of time and effort to examine all the cases, both English and American, which have been referred to by counsel. Other authorities have been referred to in *Rhodes* v. *Shaw, 16 Stew. Eq. 430.*

A decree, in accordance with these views, should be advised.