ABRAHAM V. VAN FLEET, JOHN T. BIRD, HENRY C. PITNEY
AND ROBERT S. GREEN, VICE-CHANCELLORS.

———

HELEN WILSON

*v.*

AUSTIN A. WILSON et al.

| 46 | 321 |
| 52 | 617 |
| 46 | 321 |
| 54 | 468 |
| 46 | 321 |
| 61 | 333 |
| 46 | 321 |
| 64 | 202 |

1. A devise to one and his heirs, with a limitation over if he die without issue, unexplained by the context, imports an indefinite failure of issue and creates an estate tail at common law.

2. Where the devise is to A and his heirs, with a limitation over to B at the death of A, if A then leave no issue, A takes a fee subject to its being defeated by his death without issue, and the devise over to B is an executory devise.

21                                    [321]

3. Where land is devised to one in fee, with absolute power of disposition, a devise over in case of his death without issue, is inconsistent with the estate given and void.

4. In such a devise the power of disposition must unequivocally appear, either expressly or by necessary implication from the language used.

5. Where a testator gives the residue of his estate to his daughter, and provides, in case she shall die without leaving issue, as follows: "Then it is my will that after her decease I give and devise the remainder and residue of my estate, both real and personal, *whatever it may be at the decease of my said daughter*," to another in fee, provided that if the daughter's husband survive her he is to have $500, the will does not impliedly give the daughter power to sell the residue.

On motion to dismiss the bill, under Rule 224.

*Mr. Frank P. McDermott*, for the motion.

*Mr. Joseph McDermott* and *Mr. Arrowsmith*, contra.

THE CHANCELLOR.

This is an amicable proceeding between the complainant and her six children to determine their respective rights in a farm in Monmouth county.

The complainant is the daughter of Austin Anderson, who died in April, 1843, leaving a will which bears date on the 25th day of March, 1843, and which was proved before the surrogate of Monmouth county in May of the same year. The parts of the will which bear upon the questions presented are as follows:

"All the remainder and residue of my estate, both real and personal, whatsoever and wheresoever the same may be situate, after paying my just debts and funeral expenses, I give and devise unto my said daughter Helena and to her heirs forever. In case my said daughter Helena should die without leaving any heir or heirs, then it is my will that after her decease I give and devise the remainder and residue of my estate, both real and personal, whatever it may be at the decease of my said daughter, unto Elmirah Norton, wife of Daniel Norton and unto her heirs forever, and further it is my will that if my said daughter Helena should decease and that her said husband should survive her, then I give and bequeath unto him, her said husband Robert Wilson the sum of five hundred dollars forever.

" I do order my executors herein named to sell all my personal property."

The farm in question was part of the residuary estate disposed of by this will.

Mrs. Wilson contends that she took the farm in fee, while her children insist that she took only a life estate in it, and that they will have the remainder.

A devise to one and his heirs, with a limitation over if he die without issue, unexplained by the context, imports an indefinite failure of issue and creates an estate tail at the common law. *Chetwood* v. *Winston, 11 Vr. 337; Moore* v. *Rake, 2 Dutch. 574; Morehouse* v. *Cotheal, 1 Zab. 480.* In such a case, by our statute (*P. L. of 1820 p. 178; Rev. p. 299 § 11*), the first taker would have merely an estate for life.

But where the devise is to A and his heirs, with a limitation over to B at the death of A, if A then leave no issue, A takes a fee subject to its being defeated by his death without issue, and the devise over to B is an executory devise. *2 Washb. Real Prop. 354; Den.* v. *Schenck, 3 Hal. 29; Den.* v. *Snitcher, 2 Gr. 53, 59; Den.* v. *Allaire, Spen. 6; Seddel* v. *Wills, Spen. 223; Kennedy* v. *Kennedy, 5 Dutch. 185; Fairchild* v. *Crane, 2 Beas. 105; Groves* v. *Cox, 11 Vr. 44.*

The will now considered presents a case within the latter of these rules. By the use of the words "heir or heirs," in the statement of the contingency upon which the estate is to go over, the testator obviously intended to designate the issue, or heirs, of his daughter's body. Taking the words in this sense, the provision is, that if the daughter, Helena, shall die without issue, then, "after her decease," the residue of the testator's estate shall go over, "whatever it may be at the decease" of the daughter. Any ambiguity in the meaning of the word "after," as here used, is determined by the intention of the testator (which is evinced in the expression "whatever it may be at the decease of my said daughter") that the period at which the devise over is to take effect is the time when the daughter shall die. The limitation over thus appears to be upon a definite failure of issue, and the daughter takes a fee, subject to the loss of it if she shall die without issue.

But it is insisted that the expression, " whatever it may be at the decease of my said daughter," implies a power of disposition in the daughter. The argument is, that the residue, after the payment of the testator's debts and funeral expenses, is given to Helena, and that only that which she may leave, is to go over in the event of her death without issue. It is urged that it is significant, in this connection, that the remainder which is to go over is not designated as *said* remainder, so as to identify it as the same thing that was given to Helena, but it is the remainder of the testator's estate, " whatever it may be," that is, however it may be reduced at Helena's death ; and it is said that the contemplation of such a reduction impliedly gives a power of disposition.

If the conclusion thus contended for be sound, and there be a devise in fee to Helena, with power of disposition, the intention of the testator that she shall have an absolute unrestricted property becomes clear, and the limitation over will be held to be inconsistent with that estate, and void. *McClellan* v. *Larchar*, *18 Stew. Eq. 17* ; *Rodenfels* v. *Schumann, 18 Stew. Eq. 383*. The power of disposition or absolute dominion, however, must be given either expressly or by necessary implication. The will must be construed, if possible, so that all parts of it may stand. Hence if the expression depended upon, be susceptible of a fair interpretation, that will permit the limitation over to stand, that interpretation should be given to it. It is to be noted that the executors of the will are directed to sell the testator's personal estate. After the payment of the debts and funeral expenses, real estate and money will constitute the residue, and in that character the residue will go to the daughter. In order to realize an income from the personal estate the daughter must invest and re-invest the money that shall come to her hands, and thereby, perhaps, change the character of the residue. By the use of the words " whatever it may be at the decease of my said daughter," the testator, then, may have had in mind changes wrought by investment, for it is as likely that he contemplated a change in the character or nature of the residue as he did a change in its amount. If he contemplated change in amount,

the change may have been increase as well as decrease, and if decrease, the apprehended cause of decrease may have been that which would possibly be brought about by accident. He certainly did not contemplate a possible exhaustion of the residue, for he gives the daughter's husband $500 at the daughter's death, if he should survive her. Nothing unequivocally points to a power of disposition, and I am therefore not justified in saying that it exists.

My conclusion upon the whole will is, that the daughter took the farm in fee, subject to the executory devise in favor of Elmirah Norton.

The defendants, her children, have no interest in the property.