Charles I. Wooster, appellant,

*v.*

William T. Cooper et al., respondents.

Where a testator gives an estate for life only, by express words, and annexes to it an absolute power of disposal, the devisee takes a life estate only and not a fee; and this rule is applicable to bequests of personalty as well as to devises of realty.

On appeal from a decree advised by Vice-Chancellor Bird.

*Mr. John W. Wescott* and *Mr. John J. Crandall*, for the appellant.

*Mr. William Moore* and *Mr. James Buchanan*, for the respondents.

The opinion of the court was delivered by

GUMMERE, J.

Benjamin D. Cooper died in the month of March, 1893, having made his last will on December 31st, 1881, by which, among other things, he provided as follows :

"I order and direct that all my estate, real, personal and mixed, shall, during the life of my beloved wife, Tacy Cooper, should she survive me, pass into her hands, and be subject to her sole management and control, to keep and use or sell and dispose of the same as she shall see fit, and my executors hereinafter named shall not, during said time, be responsible therefor.

"From and after the death of my wife, should she survive me, otherwise from and after my death, all my estate, real, personal and mixed, which shall then remain, I order and direct my executors hereinafter named, or the survivor of them, to dispose of, as soon as conveniently may be thereafter, as follows."

The will then directs a conversion of the estate into cash, and the distribution thereof among the respondents in this case.

Testator's wife, Tacy, survived him and, under the terms of his will, took possession and control of his entire estate, real and personal, and continued to possess and enjoy the same until her death, which occurred February 24th, 1894. Testator's wife made no disposition of any portion of her husband's estate during her lifetime, but she left a will in and by which, after directing the payment of her debts and funeral expenses, she gave, bequeathed and devised all her property, both real and personal, wherever situate and whatever the same might be, to her nephew, Charles I. Wooster, the appellant in this case, to him and his heirs forever.

Under this last-mentioned will, the appellant claims to be entitled to the whole of the estate of Benjamin D. Cooper, which was in the possession of his wife, Tacy, at her death, his insistment being that she was the absolute owner thereof by the terms of her husband's will, because there was coupled with the devise to her an absolute and unqualified power to dispose of the estate.

The vice-chancellor, by the decree appealed from, overruled this claim, and held that, by the will of her husband, Tacy Cooper took only a life interest in his estate, and that at her

death so much of it as had not been disposed of by her in her lifetime went to her husband's legatees.

I agree with the learned vice-chancellor in this construction of the will of Benjamin D. Cooper. It gives to his wife, by express words, a life estate in his property, and then annexes to it a power to dispose of the same without qualification or limitation. The rule that a devise of an estate, generally, with a power to dispose of the same absolutely and without limitation, imports such dominion over the property that an estate in fee is created, and that a devise over is consequently void, has one exception, which is this: That where the testator gives an estate for life only, by certain and express words, and annexes to it such a power of disposal, the devisee for life will not take an estate in fee.

This exception was recognized and enforced by this court in the case of *Downey* v. *Borden, 7 Vr. 460*, and again in the case of *Pratt* v. *Douglass, 11 Stew. Eq. 533*, and in the latter case it was declared to apply to bequests of personal estate as well as to devises of realty. These cases have definitely settled the law on this subject in New Jersey, and the propriety of the rule laid down in them is no longer open to discussion.

The decree of the court of chancery should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BROWN, KRUEGER, SIMS, TALMAN—11.

*For reversal*—None.