MARY ELIZABETH MOCKLER et al., complainants,

*v.*

ELIZABETH LONG et al., defendants.

[Decided October 20th, 1927.]

**Partition—Wills—Construction—Testator Gave to Wife "the Use and Proceeds of All Real Estate of Which I may Die Possesed"—Held, to Convey Entire Exclusive and Complete Dominion—A Fee was Devised—The Rule That the Devise of an Estate, Generally, With a Power to Dispose of the Same Absolutely and Without Limitation, Imports Such Dominion Over the Property That an Estate in Fee Has Been Created, is Subject to But One Exception, Namely, Where the Testator Gives an Estate for Life Only, by Certain Express Words, and Annexes to it the Power of Disposal, the Devisees for Life Will Not Take an Estate in Fee—The Lands in Question, Belonging to the Widow in Fee, There is No Authority to Order a Sale Under the Partition.**

On bill, &c. On objection to master's report.

*Messrs. Smith & Smith,* for the complainant Annie Elizabeth Kellogg.

*Messrs. McDermott, Enright & Carpenter,* for the complainant Mary Elizabeth Mockler and defendant Elizabeth Long.

WALKER, CHANCELLOR.

The bill in this case is one for partition, or sale in lieu thereof, of premises in Warren county. The complainants are Mary Elizabeth Mockler (Thomas J. Mockler, her husband) and Annie E. Kellogg. The defendants, who claim the fee with Mrs. Mockler, are Elizabeth Long and Leona Bombay. Title to the premises sought to be partitioned was developed as follows: William H. Kellogg, husband of the complainant Annie E. Kellogg, died seized of the property,

leaving a will admitted to probate May 10th, 1888, and by the terms of that will gave his wife the use and all proceeds of all his real estate and appointed her sole executrix thereof. The case was uncontested and Charles B. Brady, Esquire, the special master, finds and reports that the estate, title and interest of the respective parties in the premises whereof partition is sought, are as follows:

"1. The complainant Annie Elizabeth Kellogg, widow of the said William H. Kellogg, deceased, is seized of an estate in fee-simple in all of the said premises by virtue of the will of said William H. Kellogg, deceased, which will was dated January 11th, 1887, and duly admitted to probate in the office of the surrogate of the county of Warren, New Jersey, on May 10th, 1888. After all·of the testimony offered by the complainants and defendants had been produced before me, I made a careful examination of such testimony and particularly of the certified copy of the said will of said William H. Kellogg, deceased, hereinbefore referred to. That will reads as follows:

" 'I, William H. Kellogg, of the town of Phillipsburg and State of New Jersey, being of sound mind and memory, do make and declare this my last will and testament and hereby revoke all others.

" 'I give and bequeath to my beloved wife, Annie Elizabeth, the use and proceeds of all real estate of which I may die possessed.

" 'In lieu of dower, I give and bequeath unto my beloved wife, Annie Elizabeth, all personal property whatever of which I may die possessed, together with the use and proceeds of all my real estate as hereinbefore specified. And her acceptance of the same shall be in full release of dower.'

"It will be noticed that the testator, the said William H. Kellogg, gave his wife, Annie Elizabeth, in and by his said last will and testatment, 'the use and proceeds of all real estate' of which he might die possessed, and also all personal property whatever of which he might die possessed, 'together with the use and the proceeds' of all his real estate as thereinbefore specified. It is necessary that some construction of the word 'use' and some construction of the word 'proceeds' should be had. Under the authorities, where the intention in employing the word 'use' is to indicate complete dominion, the word is

sufficient to convey a fee. The context of the will seems to indicate conclusively that it was the intention of William H. Kellogg, in employing the word 'use' to give to his widow, Annie Elizabeth Kellogg, entire, exclusive and complete dominion. In other words, I think it was the intention of the testator to give and devise a fee, and that by the employment of the word 'use' the testator intended to grant and convey the entire use—that is to say, the entire dominion over the land. The use of the word 'proceeds' is, in my opinion, evidence of an intention to confer a power of sale upon the executrix. It might be argued that only a life estate was intended to be given by the testator to his widow. However, the devise by the testator to the widow cannot be said to be a devise expressly for life with a power of disposition annexed, because there is no indication of a devise expressly for life. I am of the opinion that the devise in the nature of a devise in general terms with a power of disposition annexed and under the authorities an estate in fee-simple passes. *Downey* v. *Borden* (*Court of Errors and Appeals*), *36 N. J. Law 460, 466; Tuerk* v. *Schueler* (*Court of Errors and Appeals*), *71 N. J. Law 331, 332.*

"It will also be noticed that the will of William H. Kellogg did not dispose of any remainder to others. In other words, neither all of his estate nor any part thereof was limited over to others. This further strengthens my opinion that it was the intention of the testator to devise his real estate in general terms, and that such devise should have annexed to it a power of disposition. Upon the foregoing reasons I have based my opinion that an estate in fee-simple in the lands and premises sought to be partitioned in the above-stated cause passed to Annie Elizabeth Kellogg, widow of William H. Kellogg, under and by virtue of the last will and testament of said William H. Kellogg, deceased, hereinbefore referred to. The word 'bequeath,' when expressly applied to real estate, is equivalent to the word 'devise.'

"It is not within my province to comment upon the apparent lack of knowledge of the legal meaning of words on the part of the testator and also on the part of the scrivener

who drew the paper, which was proved to be the last will and testament of William H. Kellogg, deceased. An estate in dower in testator's estate was very much less than the devise and bequest contained in the said last will and testament. I am of the opinion that the testator intended to give to his wife an estate greater than dower, and that his estate should in no way be impressed with a right of dower in favor of his wife. What estate greater than dower then did the testator intend that his wife should take? The testator did not give and devise an estate *expressly* for life. Neither did he give an estate in fee-simple in express words. He did, however, make a devise which was in the nature of a devise in general terms. He, in and by the second paragraph of his said last will and testament, did give to her 'proceeds of all real estate,' and I have stated hereinbefore that the use of the word 'proceeds' in such connection implied a power of disposition and was evidence of an intention to confer a power of sale upon the executrix. The testator did, in my opinion, therefore, give to his wife a 'devise in general terms with power of disposition annexed,' and, in my opinion, under the authorities cited above, an estate in fee-simple passed to Annie Elizabeth Kellogg, the complainant.

"In the devise to Annie Elizabeth Kellogg the words 'heirs and assigns' and 'heirs and assigns forever' are omitted. There is no expression contained in the said last will and testament whereby it appears that the devise to Annie Elizabeth Kellogg was intended to convey only an estate for life. There is no further devise of the property after the decease of the devisee to whom the same was given. The devise to Annie Elizabeth Kellogg in the last will and testament of William H. Kellogg, deceased, brings the will strictly within the provisions of the thirty-sixth section of the Wills act, and is additional authority for the opinion that I have heretofore given that an estate in fee-simple in all of the said lands and premises passed to Annie Elizabeth Kellogg.

"2. None of the parties in the above-stated cause, either complainant or defendant, except Annie Elizabeth Kellogg, has any interest, estate or title in the lands and premises

sought to be partitioned, and particularly described in the bill of complaint in the above-stated cause.

"I further report that the lands and premises mentioned and described in the above-stated cause are under the entire, exclusive and complete dominion of the complainant Annie Elizabeth Kellogg, widow of William H. Kellogg, deceased, and that under the circumstances, in my opinion, the court has no authority to order a sale of said premises."

The master has correctly reported as above set out, and his conclusions are well reasoned. His report will be confirmed.

The bill was filed under a misapprehension that Mrs. Kellogg was tenant for life and that certain other parties were seized in fee of the premises in question, subject to her life estate. It makes no difference that the parties have mistakenly deemed Mrs. Kellogg to have been seized of a life estate only. They cannot make the law, they must follow it. In *Buzby* v. *Roberts, 53 N. J. Eq. 566,* it was held (at *p.,* *568*) that even by decree *pro confesso* a defendant who does not answer is entitled to the protection of the master's report upon the rights of the parties, and the master must report their rights as they really are, irrespective of the admissions of the parties themselves.

The cases followed by the master bear him out. See, also, *Brohm* v. *Berner, 95 N. J. Law 85, 86.* See, further, *Gaston* v. *Ford, 99 N. J. Eq. 592,* in which Vice-Chancellor Buchanan cites the precedent cases.

By reason of the master's report, Mrs. Kellogg is placed in a position of hostility to the other complainants, and Messrs. Smith & Smith, solicitors and of counsel for them, now represent her alone; and the complainant Mrs. Mockler joins with the defendant Mrs. Long, being interested in the same side of the question, and through Messrs. McDermott, Enright & Carpenter present the claim of a life interest only in Mrs. Kellogg, with remainder in fee in themselves and other tenants in common.

For the parties claiming a life interest in Mrs. Kellogg and remainder in fee to the other parties, the case of *Wooster* v. *Cooper (Court of Errors and Appeals), 53 N. J. Eq. 683,* is

cited, but in that case Chief-Justice Gummere, who wrote the opinion, said (at *p. 684*), that the rule that the devise of an estate, generally, with a power to dispose of the same absolutely and without limitation, imports such dominion over the property that an estate in fee is created, is subject to but one exception, namely, where the testator gives an estate for life only, by certain and express words, and annexes to it the power of disposal, the devisees for life will not take an estate in fee. The other cases cited are *Roberson* v. *Shotwell, 55 N. J. Eq. 318,* wherein this court said that the devise was "during her life, with power to sell;" also *Deats* v. *Ziegener, 82 N. J. Eq. 605,* wherein the devise was "for her sole use and benefit for and during her lifetime;" also, *McDermott* v. *Zimmerman, 89 N. J. Eq. 215,* wherein the will provided "for and during the term of his natural life, with full power and authority to sell," &c.

The master being correct in his finding, his report must be confirmed.