The issue presented herein is whether a gift over, which is contained in the will of George W. Fulmer, deceased, is ineffective as a gift over because inconsistent with the estate given to his widow as the first legatee.
After directing the payment of debts and funeral expenses, the will provides as follows:
"Second. I give, bequeath and devise to my wife hereinafter named all the rest and residue of my estate wheresoever the same may be found or of whatsoever nature the same may consist to my wife, Anna B. Fulmer, and to have the net income from my estate, and her to sell any or all of my estate at public or private sale and reinvest the same in such securities as she may deem best.
"Upon the death of my said wife if any of my estate shall remain unexpended, I hereby bequeath one-half to daughter Anna B. Kleaver, and one-half to my daughter Many Jane Morgan."
The wife is then made executrix.
Anna B. Kleaver and Mary B. Kleaver are daughters of testator by a former wife.
Testator's estate was wholly personal property.
It may be said to be reasonably clear that testator intended that in case any part of his estate which he gave to his wife should remain unexpended by her at her death, such unexpended portion should go to his two daughters. But it is entirely clear that testator did not employ the necessary means to accomplish a purpose of that nature.
It is a fixed rule of construction in this state as to testamentary gifts, either absolute in form or in form indeterminate as to the quantity of the estate given, that if testator, either expressly or by implication, manifests an intent to invest in the first devisee or legatee the uncontrolled power of disposition of the property, such power embraces the quality of absolute ownership, and a subsequent limitation over is void as inconsistent with the right of the first devisee or legatee. The manifestation of that intent may appear in the gift over as well as elsewhere. Annin's Executors v. Vandoren's Adm.,14 N.J. Eq. 135. This rule of construction *Page 408 
has been so frequently recognized by the courts of this state that citation of the several cases seems inappropriate.
To create a valid devise or bequest over and at the same time give the primary devisee or legatee an uncontrolled power of disposition, the primary gift may be made for life only, by certain and express words; in such case the power of disposition given to the devisee or legatee for life will not import an estate in fee in realty or an absolute property in personalty and the gift over will be valid. Downey v. Borden,36 N.J. Law 460. This requirement that the life estate must be created by certain and express words, to be effective to overcome the controlling effect of an unrestrained power of disposition, is uniformly recognized. Even in cases in which a life estate in realty would be said to result by implication by reason of the absence of words of limitation, an uncontrolled power of disposition will be held to raise such an estate to a fee.Downey v. Borden, supra. As to personalty this is the more forceful by reason of the common law rule that in a devise of realty words of limitation must be added to give more than a life estate, whereas in a bequest of personalty words of qualification are required to restrain the extent and duration of the interest.Adamson v. Armitage, 19 Ves. Jr. 416, 418.
The will here presented for construction is controlled by these established rules which cannot be ignored. Obviously the primary bequest to the wife of testator cannot be said to be for life only by clear and express words.
Nor can it be doubted that by the terms of the gift over testator has adequately manifested an intent to confer upon his widow an uncontrolled power of disposition of the property bequeathed to her. The gift over at the death of the widow is of so much of the estate, if any, as "shall remain unexpended" by the widow. In this respect the gift over is practically identical with that considered in Annin's Executors v. Vandoren's Adm.,supra. It is there held that this manifests an uncontrolled power of disposition upon the part of the widow, and that such power involves the idea *Page 409 
of absolute ownership and renders the gift over void as inconsistent with the rights of the first legatee. It cannot be doubted that testator's intent was to confer upon his widow the uncontrolled power of disposition of the property, and if any remained unexpended by her at her death to give that to his daughters. As already stated, testator could have accomplished that by conferring upon his widow a life estate only by certain and express words. That he failed to do.
A decree will be advised pursuant to the views herein expressed.