This bill was filed to construe the will of Mark Sanders, deceased, and the only issue presented is whether the gift over, as expressed in clauses three and four, is ineffective as a gift over because inconsistent with the estate given to his widow as the first legatee.
The provisions of the will referred to are as follows:
"2. I give, devise and bequeath unto my beloved wife, Achsia A. Sanders, all the rest of my estate both real and personal, in whatever it may consist or wherever situate, to have, hold, use and enjoy the same absolutely.
"3. At the death of my widow I direct that the remainder of my estate be divided among my children as follows: My daughter, Jennie A. Willis, to receive one thousand dollars ($1,000.00) as her full share of my estate; my son, Ralph L. Sanders, to receive ten thousand dollars ($10,000.00); my son Harry Walter Sanders to receive ten thousand dollars ($10,000.00); my deceased son, John Earl Sanders, received ten thousand dollars ($10,000.00) from me during his lifetime.
"4. The balance of my estate to be divided equally between my three sons, Ralph L. Sanders, Harry Walter Sanders, and the heirs of John Earl Sanders, deceased, his two sons Richard S. Sanders and John Earl Sanders, Jr., to receive their deceased father's share equally."
A similar issue was determined by Vice-Chancellor Leaming inKleaver v. Jacobs, 104 N.J. Eq. 406, in which he held, in construing a will very similar to the present one, that:
"It cannot be doubted that testator's intent was to confer upon his widow the uncontrolled power of disposition of *Page 257 
the property, and if any remained unexpended by her at her death to give that to his daughters."
In the Kleaver v. Jacobs Case the words were "if any of my estate shall remain unexpended." In the present case the words are "at the death of my widow I direct that the remainder of my estate."
I have no doubt that the deceased meant to give his wife full power of disposition when he gave to her his estate "to have, hold, use and enjoy the same absolutely" and that he meant, when he used the language, "at the death of my widow I direct that the remainder of my estate," the same as though he had said "if any of my estate shall remain unexpended by her after her death."
A decree will be advised in accordance with these views.