John S. Norton left an estate in excess of $250,000, and in the second clause of his will said: *Page 46 
"I give and bequeath all of my estate, real and personal, to my wife Isabel D. Norton, to be used and enjoyed by her with full power to sell and dispose of the same, to invest and reinvest and to use both principal and interest, and after her death, I do then give and bequeath the following items to be paid out of the balance of said property remaining at the death of my said wife."
Then follow thirty-four pecuniary bequests, equal to the amount of the estate, to the defendants.
The principal of the estate was intact at the death of the widow. Mrs. Norton, by her will, after specific and pecuniary bequests, gave the residue of her estate to her two sisters, the complainants, who filed this bill for the construction of the quoted clause of Mr. Norton's will and a declaration of the rights of the parties thereunder.
The complainants claim that the widow took an absolute estate, and that the gift over is void; the defendants contend that she took an estate for life, and that the gift over enures to them.
We have no question as to the testator's intention to give his wife complete ownership, nor have we any that he meant the defendants should have what was left when she passed on. But having given his property to his widow absolutely, he could not make a second gift of it, or any part of it, to others. A fee cannot be limited after a fee. The gift to the widow is controlled by the rule of construction, "that where an estate is given to a person generally or indefinitely with a power of disposition, it carries a fee, and the only exception to the rule is, where the testator gives an estate for life only by certain and express words, and annexes to it a power of disposal, in that particular and special case, the devisee for life will not take an estate in fee." Annin's Ex'rs v. Vandoren's Adm'r, 14 N.J. Eq. 135; Downey v. Borden, 36 N.J. Law 460; Brohm v. Berner,95 N.J. Law 85; Gaston v. Ford, 99 N.J. Eq. 592; Fithian v.Fithian, 109 N.J. Eq. 383, and a line of cases to be traced down in Shepard's Citations. The gift is four square within the rule, and the rule is so firmly imbedded in our jurisprudence, and has been so often reiterated by this court and by our court of errors and appeals, that our function is to follow the authorities. *Page 47 
The rule is conceded, of course, by all counsel, but the more hardy urge that we discard it for the more sensible doctrine, that the testator's intention is the law of wills; an appropriate appeal to the legislature, not to the courts. Others argue that the gift was only of so much of the testator's estate as the widow desired to use and did use. We find no restrictions upon the gift nor upon the right of disposal. The testator's wife was uppermost in his mind, the real object of his solicitude; his all was to be her all, and she was to have all to do with as she pleased, and, seemingly, to insure against misunderstanding of his initial unqualified words of gift and of power of disposal and his purpose to vest in her ownership in its fullest measure, he emphasizes that it was not his intention that she should have only the interest but the use of the principal as well.
Kleaver v. Jacobs, 104 N.J. Eq. 406; affirmed, 107 N.J. Eq. 139,
is a recent illustration of how firmly we are bound by the rule of law. The gift of the residuary estate was to the widow generally "to have the net income from my estate for her to sell any and all of my estate, at public or private sale, and reinvest the same in such securities as she may deem best", and, "upon the death of my said wife I hereby bequeath one-half to my daughter, Anna B. Kleaver, and one-half to my daughter, Mary Jane Morgan." It will be observed that the implication of a life estate is much more pronounced than in the will under review, but it was held upon the authority of Annin's Ex'rs v. Vandoren's Adm'r,supra, that, by the primary gift, indefinite as to term and coupled with the implied power of disposal, an absolute estate passed to the widow and the gift over was void. The instructive opinion of Vice-Chancellor Leaming might be profitably adopted as the decision in this case.
In the cases cited by counsel for the defendants, where the court held an absolute estate did not pass, it will be found that the testator clearly and definitely limited the gift to the life of the first taker. Cory's Ex'r v. Cory's Adm'r, 37 N.J. Eq. 198; Logue v. Bateman, 43 N.J. Eq. 434; Stevens v. Flower,46 N.J. Eq. 340; Bradway v. Holmes, 50 N.J. Eq. *Page 48 311; Wooster v. Cooper, 53 N.J. Eq. 682; Robeson v.Shotwell, 55 N.J. Eq. 318; Hunt v. Smith, 58 N.J. Eq. 25;Komp v. Thomas, 81 N.J. Eq. 103; McDermott v. Zimmerman,89 N.J. Eq. 215; Smith v. Field, 98 N.J. Eq. 532, and others.
In one or more of the briefs, it is argued that the widow always regarded herself as possessed of an estate for life only (the argument is supported by her state inheritance tax return, upon which she was assessed as a life tenant; by her repeated statements that she had but a life estate, and by the fact that she confined herself to the income), and that her conception of her rights should be adopted as a practical construction of the gift, binding upon her and the complainants, something in the nature of an estoppel; and this in the face of the obvious, that the widow's self commitment to a life estate arose from ill advice of counsel. Vice-Chancellor Fallon's opinion in Fink v.Harder (affirmed), 111 N.J. Eq. 439, relied upon, is not authority for the proposition. There the asserted right of the claimant was, or may have been, an incursion upon the rights of adverse parties, acquiesced in by them and by which they were deemed bound. Here the right asserted by the widow, of a life estate, was within her legal rights as absolute owner; there were no adverse interests in which she acquiesced to her estoppel in favor of the "over" legatees. Their interests were not adverse. If the widow had had but a life estate their interest could not be in enjoyment until her death; and if her estate was absolute, they had no call to estop her. No one changed his position by the widow's misconception of her rights, except perhaps the widow.
We are not concerned, however, with her mistakes. We are dealing with the testator's disposition of his estate and our duty is to apply the rule of law that governs his last will and testament. We must declare the rights as they exist in law.Stewart v. Lehigh Valley Railroad Co., 37 N.J. Law 53; BasicIron Ore Co. v. Dahlke, 103 N.J. Law 635; Mockler v. Long,5 N.J. Mis. R. 937; 139 Atl. Rep. 47.
The estate will be awarded to the complainants. *Page 49