A motion to strike the bill of complaint was argued on the following notice:
"That under the `Third' clause of the will of Emma J. Dunkerley, deceased, her husband, William George Dunkerley, now deceased, took an estate in fee and became the absolute owner of said residuary estate, and the subsequent limitation over contained in the `Fourth' clause of said will is void as inconsistent with the right of said William George Dunkerley; and, also because a fee cannot be limited after a fee."
The third and fourth clauses of the will adverted to in the notice of motion reads as follows:
"Third: All the rest, residue and remainder of my estate real and personal of whatsoever nature and wheresoever situate I give, devise and bequeath to my husband, William George Dunkerley, for his sole use and benefit during his life with full right and power to sell, transfer and convey the same and use the whole or any part of said estate, principal or interest, or the proceeds for his own use and benefit in any manner he may deem proper, the intention hereof being that he shall at all times use and enjoy the whole or any part of my said property or estate the same as if this devise and bequest was absolute.
"Fourth: At the decease of my said husband, I then give, devise and bequeath so much of said estate property as shall remain, one-third thereof to my nephew, Howard Trafton, one-third to my nephew Clifford Trafton, and one-third to the children of my nephew Clifford Trafton; in case of the death of either nephew, his share to go to his children, if any, or if none to the other nephew or his children; in case of the death of the children of Clifford Trafton their share to be given to the said Clifford Trafton or if he be dead then to Howard Trafton or his children."
The defendants contend that William George Dunkerley, under the last recited clauses, took an estate in fee and became the absolute owner of the residuary estate, in consequence *Page 181 
of which, the subsequent limitation over mentioned in the said fourth clause of Emma J. Dunkerley's will is void. While the points at issue have been considered in many cases by this court, still there appears to be a conflict of thought on the question between two eminent jurists of this state. In Naundorf v.Schumann, 41 N.J. Eq. 14, in which Chancellor Runyon wrote the opinion, in construing paragraph one of the decedent's will, which read as follows:
"First: My will and desire is that all my property both real and personal shall be for the sole use and benefit of my wife, Julianna, after my decease, and in the event of her death, then, what shall remain to be disposed of in the manner following: * * *."
The court found that the gift to the decedent's wife, was merely for her use and benefit, and that she had a life estate therein with remainder absolute to others. It, among other things, said: "The will gives to the widow no power, express or implied to dispose of the property or any part of it in any way." It further said: "The testator indeed uses the qualifying words `what shall remain' but he probably used them in view of the fact that some of the personal property was of a consumable character."
Chancellor McGill, some three years later, held in Rodenfels
v. Schumann, 45 N.J. Eq. 383, on a bill to quiet title, that the widow took the testator's estate in fee. We find in the case of Briggs v. Faulkner, 120 N.J. Eq. 1, that Vice-Chancellor Berry followed the views of Chancellor McGill, and, inter alia, said:
"It is an old legal principle that a fee cannot be limited over after a fee (Tooker v. Tooker, 71 N.J. Eq. 513) and `it is a fixed rule of construction in this state as to testamentary gifts either absolute in form or in form indeterminate as to quantity of the estate given, that, if testator either expressly or by implication, manifests an intent to vest in the first devisee, or legatee, the uncontrolled power of such disposition of the property, such power embraces the quality of absolute ownership, and a subsequent limitation over is void, as inconsistent with the right of the first *Page 182 
devisee or legatee. The manifestation of that intent may appear in the gift over as well as elsewhere.' Kleaver v. Jacobs,104 N.J. Eq. 406. There is a long line of cases to the same effect, among which may be cited Annin's Executors v. Vandoren'sAdministrator, 14 N.J. Eq. 135; Downey v. Borden,36 N.J. Law 460; McClellan v. Larchar, 45 N.J. Eq. 17; Wilson v. Wilson,46 N.J. Eq. 321; Bryan v. Bryan, 61 N.J. Eq. 45; Tuerk v.Schueler, 71 N.J. Law 331; McCloskey v. Thorpe, 74 N.J. Eq. 413;Hyde v. Hyde, 88 N.J. Eq. 358; Weaver v. Patterson,92 N.J. Eq. 170; Brohm v. Berner, 95 N.J. Law 85; Gaston v.Ford, 99 N.J. Eq. 592; Fithian v. Fithian, 109 N.J. Eq. 383;Morrison v. Dawson, 115 N.J. Eq. 45."
The courts take the position that the uncontrolled power of disposition in the first taker creates absolute ownership, and that the limitation over is void as totally inconsistent with the rights of the first legatee. See McCloskey v. Thorpe, 74 N.J. Eq. 413.
The recent case of Brown v. Turpan, 122 N.J. Eq. 305,
carries into effect the principle laid down in the foregoing cited cases. The same rule is expressed in Klotz v.Klotz, Ibid. 31.
While there are many cases which, in principle, appear to run counter to the rule above mentioned, among which is Downey v.Borden, 36 N.J. Law 460, the third paragraph of the will in the instant case, which states "the intention hereof being that he shall at all times use and enjoy the whole or any part of my estate, the same as if this devise and bequest was absolute," distinguishes it from them and carries an entirely different implication from those cases which follow Downey v. Borden,supra.
In reaching the conclusion indicated above, I have also considered the rules of construction applicable to the instant case, and call attention to the language of the court in the case of Second National Bank and Trust Company of Red Bank, NewJersey, v. Borden, 113 N.J. Eq. 378, where it said:
"The primary rule of testamentary construction as expressed in countless authorities is that the plain intent of *Page 183 
the testator is disclosed by the language of his will, unless contrary to law, must govern. That intention is to be gathered from a reading of the entire will and not from isolated portions thereof. Supp v. Second National Bank and Trust Co., 98 N.J. Eq. 242;Kutschinski v. Sheffer, 109 N.J. Eq. 659; 2 Schoul.Wills (6th ed.) 967, 977. The court must do everything in its power to ascertain the testator's intentions and to see that they are carried out, if possible. Johnson v. Bowen, 85 N.J. Eq. 76.
The predominant idea of the testator's mind, if apparent, is heeded as against all doubts and conflicting provisions which might of themselves defeat it. 2 Schoul. Wills973."
See Maxwell v. Maxwell, 122 N.J. Eq. 247; New JerseyTitle Guarantee and Trust Co. v. Dailey, 123 N.J. Eq. 205.
In New Jersey Title Guarantee and Trust Co. v. Dailey,supra, the following appears: "The court's main concern is not so much what the testator meant to say as it is to determine what he meant by what he did say."
A consideration of all the circumstances prompts me to conclude that the defendants' motion to strike the bill of complaint should prevail. *Page 184