Jones' Executors v. Stites.

JONÈS' EXECUTÒRS *vs.* STITES and wife and others.

1. A devise of lands or bequest of chattels, by words which clearly would give the absolute estate, will be construed into a devise or bequest for life only, if the will contains words giving it to another upon the death of the first taker.

2. If the gift is absolute in terms, and not, at all events, limited over at the death of the first taker, but only on a certain contingency, as dying without issue living, then the title vests in the devisee or legatee, absolutely, subject to be defeated on the happening of the contingency.

3. When specific chattels, or a specified sum of money, are given for life, or absolutely, subject to a limitation upon the happening of a certain contingency, the chattels must be delivered or the money paid to the legatee, and at his death, or upon the contingency, they will go to the legatee in remainder.

4. But where the bequest is of the residue of the estate, absolutely, but limited over upon the happening of a certain contingency, then it is to be converted into money, invested in the name of the executor, and the interest only, paid to the legatee.

The bill was filed by the executors of H. C. Jones, deceased, for directions as to the execution of the trust reposed in them by the will. The cause was heard upon bill and answers.

*Mr. W. S. Whitehead,* for complainants.

*Mr. A. Dodd, Mr. C. Parker,* and *Mr. J. P. Jackson,* for defendants.

The Chancellor.

Henry C. Jones, by his will, after certain specific bequests, gave the interest, income, issues, and profits of all the rest, residue, and remainder of his estate, real and personal, to his wife Phebe, during her life and widowhood, for her support, and for the support and education of his two daughters, Emma and Clara; and then disposed of the residue as follows: "Sixth, at the death or marriage of my said wife, I give, devise, and bequeath all the said residue and remainder of my estate, real and personal, of which, by the last clause, their mother is to have the use during her life and widowhood, to my two daughters, Emma and Clara P., and their heirs and assigns forever, in equal parts, share and share alike, and in such form that the same shall not be subject to the control of their husbands, or either of them, or liable to their debts; at the death of either of my said daughters, her child or children to take the mother's share in my property absolutely, and in fee simple, and in case of children, share and share alike; and if either should die leaving no child or children, or issue of such child or children, the share of such child to go to my surviving daughter, her heirs and assigns; and in case both my children shall die leaving no child, children, or grandchildren, or issue thereof, then I give, devise, and bequeath the aforesaid as follows, to wit." Here follow provisions giving it to the other defendants.

By the seventh clause of the will, he authorized his executors to sell so much of his real estate in the city of Newark,

as lies on the north side of Green street, and directed that they should not sell the rest of his lands, unless his wife, during her life or widowhood, or his children or others entitled·at the time to the income derived therefrom,.being of age, should consent, in which event they might sell the property, and should dispose of the proceeds and income thence arising, in the same manner as the real estate was disposed of therein.

The wife of the testator died between the making of the will and his death; his two daughters are living, and are two of the defendants in this suit. The executors have converted the personal estate into money, and upon the settlement of their final account in the Orphans Court of Essex county, on the 1st of October, 1867, the balance of the estate in their hands was adjudged and decreed to be $29,031.64. This amount they have invested at interest, being advised that the estate of the two daughters is only a life estate, and that they are not entitled to the possession of the principal but only to the interest.

The daughters claim that by the will, the property is given to them out and out, and vests in them absolutely, subject only to be divested by either dying without issue, and that each is respectively entitled to have her share paid over to her. Upon this question the executors pray the direction of the court.

The terms on which this residue is given to the two daughters, would give them the absolute estate, were it not for the subsequent limitations; they are adapted to that purpose, and nothing but a clear expression of a different intent would control them. But it is well settled, that a devise of lands or bequest of chattels, by words which clearly would give the absolute estate, will be construed into a devise or bequest for life only, if the will contains words giving it to another upon the death of the first taker.

If the gift is absolute in terms and not at all events limited over at the death of the first taker, but only on a certain contingency, as dying without issue living, then the title vests

in the devisee or legatee absolutely, subject to be defeated on the happening of the contingency.

When specific chattels or a specified sum of money are given for life, or absolutely, subject to a limitation upon the happening of a certain contingency, the chattels must be delivered, or the money paid to the legatee, and at his death, or upon the contingency, will go to the legatee in remainder.

But when personal property is given for life generally, as the residue or remainder of the testator's estate, then it is to be converted into money, and put at interest in the names of the executors, and the interest only paid to the legatee. *Hull* v. *Eddy*, 2 *Green's R.* 169; *Ackerman's adm'rs* v. *Vreeland's ex'r*, 1 *McCarter* 23; *Armstrong* v. *Kent et al.*, 1 *Zab.* 509; *Rowe's ex'r* v *White*, 1. *C. E. Green* 411; *Smith* v. *Bell*, 6 *Peters* 68; *Morgan* v. *Morgan*, 14 *Beav.* 72; 2*Kent's Com.* 353–4.

By these principles, as applied to this case, the daughters of the testator each take a life estate only. The direction to the executors to sell, after the daughters are of full age, with their consent, and that the income of the proceeds of sales shall go to them, show clearly in this case, that the intent of the testator was the effect which the rule of law gives to the words used; and the direction, that on the death of either daughter, her share should vest in her children absolutely, in fee simple, shows that the testator understood correctly the legal effect of his previous disposition.

The bequest being of the residue of the estate, and not a legacy or gift of a specific chattel, or a definite sum, the property must be converted into money, invested in the name of the executors, and the interest only paid to the daughters.

The money must be kept invested in the names of both executors, sufficiently secured by mortgage on lands within this state, or in such other securities as are allowed by law, upon receiving the sanction of the proper court for the same.

The costs of these proceedings must be paid out of the estate.