JOSEPH HENSLER

v.

MARCUS SENFERT

Under a will, first giving to testator's wife his personalty for life, then giving to her his real estate, and providing that in case she married, her husband should be debarred from interest in the real estate, and in case she died without being married, the personal and real estate should be inherited by those relatives to whom she might will the same, or, if no will was in existence, to those by law entitled thereto, the wife takes only a life estate in the realty, with a power of disposition in case she does not marry, and otherwise testator's heirs inherit it.

On petition of Katharine Volk et al. for surplus money.

*Mr. Frank C. Willcox*, for the petitioners.

*Mr. Michael T. Barrett*, contra.

GREEN, V. C.

Matthias Hensler, late of the city of Newark, died testate, without issue, leaving his widow, Barbara, him surviving; and a brother, Joseph Hensler; a sister, Johanna Baumgartner; a sister, Theresia Meyer, and Robert Hensler and Elizabeth Hensler, son and daughter of a brother, Adolph Hensler, his heirs-at-law. He was seized at the time of his death of certain real estate in Newark, subject to a mortgage.

His widow, Barbara, afterwards married one Frederick Schuele, and is since deceased, intestate, without issue, leaving brothers and sisters and children of a deceased brother her heirs-at-law.

The mortgage has been foreclosed and the property sold, and a surplus of $994.28 has been paid into court.

Petition is filed by Katharine Volk, a sister, and four other of the heirs of Barbara (Hensler) Schuele, for this surplus money, and the question is whether the same belongs to the heirs-at-law of Matthias Hensler or to those of Barbara Schuele,

his widow; that is, did the latter, under the will of Matthias, take an estate in fee in the premises or only a life estate.

The money is the proceeds of the real estate, and must go as the real estate would have descended. *Lerch* v. *Oberle, 3 C. E. Gr. 575.*

The question arises under the following items of the will of Matthias Hensler, viz. :

"*Item.* I give and bequeath unto my beloved wife Barbara Hensler, in addition to her right of dower at common law, the use of all my household utensils and furniture, also the saloon fixtures of every kind and description, during her life.

"*Item.* I give and devise unto my beloved wife Barbara Hensler all my lands, tenements, hereditaments and real estate, whatsoever and wheresoever, and in case that she should marry then I order that her husband be debarred of any interest in my said real estate, and in case of her death without being married, then the personal and real estate shall be inherited by those relatives that she may will the same to, or if no will be in existence, to those that are by law entitled to it."

He also gives his wife, absolutely, his interest in a policy of life insurance.

There is no residuary clause, and no other disposition is made of the real and personal estate.

The clause, "I give and devise unto my beloved wife Barbara Hensler all my lands, tenements, hereditaments and real estate whatsoever and wheresoever," independent of the statute, would have created only a life estate. *Hawk. Wills* § *130.*

By the statute, however, of 1784 (*Rev. p. 300* § *13*), these words, standing alone, would be sufficient to convey a fee simple. That statute was intended to prevent a failure of the testator's intention to devise an estate in fee through a neglect to use, or ignorance of, the proper technical words to create such estate. It provides that a fee shall pass without words of inheritance, if there are no expressions contained in the will, whereby it shall appear that such devise was intended to convey only an estate for life, and no further devise thereof is made of the demised premises after the decease of the devisee, to whom the same shall be given. Are there, then, expressions in the will to indicate that the devise was intended to convey only an estate for life?

There can be no controversy as to the testator's intention with reference to his personal property. By the item above quoted, he gave to his wife the use of it expressly for life. It was then for the testator to dispose of the remainder after the expiration of the life or particular estate. He then gives the realty without expressly limiting the estate, which, as above shown, would, standing alone, have carried the fee, but when he takes up the personalty to dispose of the remainder, he couples it with the realty. This is strong, if not conclusive, evidence that he regarded the realty as in the same situation as the personalty, viz., given for life only. We are seeking the testator's intention from the words of his will, and when we find that he classes the realty with the personalty, of which he had expressly given only the use for life, and gives his wife a limited power of appointment by will of the two estates thus coupled, he expresses an intention to give only a life estate in each to the wife. It clearly evidences a scheme to give his wife all the estate, real and personal, for life, with power of limited appointment (to relatives) if she should not marry again. If she should marry, her power of appointment is gone, and at her death the estate is to go as if she had died intestate after his death.

It is argued that the clause, "or if no will be in existence, to those that are by law entitled to it," as it follows the clause providing that the personal and real estate "shall be inherited" by those relatives his widow may by will appoint, in case of her death without being again married, is dependent with the latter clause on the happening of the event, namely, her death without being again married, and that, as she was subsequently married, both the power of appointment and the devise over have failed. This construction is open to the objection that it imputes to the testator an intention that is without reason. Practically, it is that, in disposing of his estate, he intended, if his wife died without being again married, she was to have the power of appointment by will among relatives, or if she so died without will, then it was to go to those entitled to it by law; but if she did marry, then she was to have the power absolutely. In other words, if she married again she was to have the whole estate, to

do with as she wished, but if she did not marry, then only a power of appointment by will, or giving her a premium for marrying again. I think the clause, read with the context, certainly means that the personal and real estate shall, in the event of the same not being disposed of by will by the widow, as authorized, be inherited by those that are by law entitled to it, viz., his heirs-at-law. This is a devise over, contingent on the exercise of a conditional power of appointment by will given to the widow. That power of appointment failed, as the condition on which it was based could not exist at her death in consequence of her marriage. This, in my judgment, leaves the devise over to his heirs-at-law in force. There being expressions in the will indicative of an intention to give only a life estate and a devise over after the death of the life tenant, the provisions of the act of 1784, raising this devise to a fee, do not become operative.

The estate for life is not created expressly by words, but arises by implication, and if the devise had been followed by an absolute power of disposition, it would have still created a fee. *Borden* v. *Downey, 6 Vr. 74; S. C. on appeal, 7 Vr. 460.* In this will, however, the power of disposition is a contingent one. It was limited to the case of her death without being married. As she did marry, this power of appointment failed, and the rule referred to does not apply. In my judgment, the personal and real estate is " inherited [to use the words of the will] by those that are by law entitled to it," viz., so far as the lands are concerned, which the surplus money represents, by the heirs-at-law of Matthias Hensler, and consequently the petition must be dismissed.