The defendant agreed in writing to buy the complainant's land, and this bill is to compel him to perform his contract. He is willing and anxious, but, being doubtful of the complainant's power to convey a fee, refuses to do so until it is decided that the complainant has title. The complainant claims under her husband's will, which reads, after providing for debts, as follows:
"Second. I give, devise and bequeath unto my beloved wife, Lucia Galante, all my household furniture, and all the rest of my personal property, and also all the residue of my real or mixed estate of which I shall be seized or possessed or to which I shall be entitled to at the time of my decease, to have and to hold the same, to her executors, administrators or assigns forever without any litigation on the part of my children or their heirs.
"Third. I give and bequeath unto each and every of my surviving children all the residue and remainder of my estate, real and personal or mixed, after my wife, Lucia Galante, is death, share and share alike."
The devise to the testator's wife vested in her an estate in fee. Den v. Schenck, 8 N.J. Law 29; Den v. Bowne,18 N.J. Law 210; Jarm. Wills (5th ed.) 31, 43. The later devise over to the testator's children was probably intended that if at the wife's death anything remains, it should go to the children, but he did not thereby mean to, nor did he, cut down her fee. The devise over is void. Den v. Gifford, 9 N.J. Law 46.
It is claimed that as the devise to the wife does not contain words of inheritance, and because there is a further devise of land to the children, only a life estate passed to the wife. Section 36 of the Wills act (Comp. Stat. p. 5873). At common law the words "heirs and assigns" were not necessary to pass a fee by devise. Swinb. Wills (6th ed.) 174; 3 Jarm. Wills
(5th Am. ed.) §§ 30, 48; Den v. Bowne, supra. Any words denoting an intention to pass the whole interest of the *Page 54 
testator will carry an estate of inheritance. 3 Jarm. Wills 48.
The statute is remedial, and applies only, as its language indicates, to devises where "no expressions are contained in such will and testament whereby it shall appear that such devise was intended to convey only an estate for life, and no further devise thereof being made of the devised premises after the decease of the devisee to whom the same shall be given." It does not apply to wills, certain in their language, devising a fee. Den v.Bowne, supra. The common law rule of construction is that a devise of land without words of limitation or description of the extent of the interest devised, creates a life estate only, in the absence of a contrary intent. Technical terms are not necessary to show such intent. The effect of the statute is to change the common law rule of construction and make an indefinite devise without any words of perpetuity annexed pass an estate in fee-simple instead of a life estate. It reverses the common law rule. Formerly an estate for life only would pass by an indefinite devise unless a contrary intention could be inferred from the will. Now, an estate in fee will pass by such devise unless an intention to pass a less estate appears by construction or operation of law. 30 Am. Eng. Encycl. L. 745, 747; 3 Jarm.Wills 48; Den v. Bowne, supra; Den v. Schenck, supra; Elle
v. Young, 24 N.J. Law 775.
It is also suggested that the devise to the wife of the residue of the real estate and the later devise to the children of the same property are repugnant, and that the latter prevails as the later expression of the testator's intention. Johnson v.Haldane, 95 N.J. Eq. 404. The devise to the wife took effect on the death of the testator, that to the children, on the death of the wife. The rule of construction has no application where repugnant devises do not take effect at the same time. Den v.Gifford, supra.
The complainant is vested of a fee, and a decree specifically enforcing the contract will be advised. *Page 55