The bill seeks a construction of the fortieth item of the will of William H. Zelley, deceased, which item is as follows:
"Item 40th — As to all the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever nature or kind or wheresoever situate at the time of my decease, I do hereby give, devise and bequeath unto Alice M. Harkness, my cousin, assistant, and present housekeeper absolutely for her sole use and benefit forever, she having been a faithful, interested and efficient assistant and caretaker of me and of my business, thus doing all that lies in my power to provide a home for her after I am gone, with the request and understanding that she will provide by a last will and testament that should she decease before my brother Charles E. Zelley that he shall have the income from what may remain of my estate for and during the term of his natural life, and that at the death of both of them the remainder to be equally divided among my legal heirs share and share alike; and with the further request and understanding that if my brother Charles E. Zelley shall be left alone in this world, that he shall be admitted into our home and household or into her home and household, if I should be deceased, said homes and households to be mutually maintained and cared for by all, and each and all to mutually care for each and one another, thus trying to provide care and shelter for all three of us, none having any family, feeling that our brother J. Howard Zelley has a family to care for him."
Charles E. Zelley is now deecased; Alice M. Harkness is still alive.
It will be observed that the language employed by testator in first defining the gift to his cousin. Alice M. Harkness, is in terms creative of an absolute estate, and that testator then proceeds to make provision for a gift over to others at her death. This gift over testator seeks to accomplish through a "request and understanding" that the first taker will make a will in favor of others; and it will also be observed that the provision in favor of others relates only to what should remain of the property so bequeathed and devised at the decease of the first taker.
It has long been a fixed rule of construction in this state, as to testamentary gifts either absolute in form or in form *Page 50 
indeterminate as to the quantity of the estate given, that if the testator, either expressly or by implication, manifests an intent to vest in the first devisee or legatee the uncontrolled power of disposing of the property, such power involves the idea of absolute ownership, and a subsequent limitation over is void as inconsistent with the right of the first devisee or legatee. Under this rule of construction a fee in the real estate and absolute property in the personalty must be held to have vested in Alice M. Harkness under the clause of the will hereinabove quoted.
The present case cannot be said to fall within the rules declared in Kent v. Armstrong, 6 N.J. Eq. 637; there, no power of disposal was given except by will. Nor can the gift over be sustained as a precatory trust under the authorities collected in Deacon v. Cobson, 83 N.J. Eq. 122, since here the gift over relates only to what may remain of the property at the death of the first taker.
The authorities defining the rules above referred to are adequately collected by Vice-Chancellor Buchanan in Gaston v.Ford (New Jersey Chancery), 99 N.J. Eq. 592.