The executor and trustee under the will of Antonio Giuliano seek a construction of the will which among other things provides:
"Second. I hereby give and devise the house and premises known as numbers 105 and 107 Colden street, in the city of Newark, New Jersey, to my beloved wife, Clara Giuliano, of the city of Newark, New Jersey, for and during the term of her natural life, and so long as she shall remain my widow. *Page 476 
"Third. Upon the decease or remarriage of my said wife, Clara Giuliano, then and in that event I hereby give and devise the house and premises known as numbers 105 and 107 Colden street, in the city of Newark, New Jersey, to my nephew, Pasquale Giuliano, of the city of Newark, New Jersey, to him, his heirs and assigns forever.
"Fourth. Upon the decease or remarriage of my said wife, Clara Giuliano, and upon the decease of my said nephew, Pasquale Giuliano, leaving lawful issue him surviving, then and in that event I hereby give and devise the house and premises known as numbers 105 and 107 Colden street, in the city of Newark, New Jersey, to the lawful issue of my said nephew, Pasquale Giuliano.
"Fifth. Upon the decease or remarriage of my said wife, Clara Giuliano, and upon the decease of my said nephew, Pasquale Giuliano, without leaving lawful issue him surviving, then and in that event I hereby give and devise the house and premises known as numbers 105 and 107 Colden street, in the city of Newark, New Jersey, to my three nieces, Giovannina Giuliano, Giuseppina Giuliano and Luigina Giuliano, of Santa Elia spianisi Province di Camp Basa, Italy, to them, their heirs and assigns forever, share and share alike."
Then follow pecuniary legacies; after which
"Tenth. All the rest, residue and remainder of my property, real, personal and mixed, of whatsoever kind and wheresoever situate, of which I may die seized or possessed and not herein otherwise disposed of, I hereby give, bequeath and devise to my said nephew, Pasquale Giuliano, to him, his heirs and assigns forever.
"Eleventh. In the event that my said nephew, Pasquale Giuliano, shall die prior to or after my decease, leaving lawful issue him surviving, then and in that event, I hereby give, bequeath and devise all the rest, residue and remainder of my property, real, personal and mixed, of whatsoever kind and wheresoever situate, of which I may die seized, or possessed, and not herein otherwise disposed of, to the lawful issue of my said nephew, Pasquale Giuliano.
"Twelfth. In the event that my said nephew, Pasquale Giuliano, shall die prior to or after my decease, without leaving lawful issue him surviving, then and in that event I hereby give, bequeath and devise all the rest, residue and remainder of my property, real, personal and mixed, of whatsoever kind and wheresoever situate, of which I may die seized or possessed, and not herein otherwise disposed of, to my said three nieces, Giovannina Giuliano, Giuseppina Giuliano and Luigina Giuliano, to them, their heirs and assigns forever, share and share alike."
The executor and trustee is concerned only with the residuary estate. Stripped of technical terms, ineptly used, there is not the least trouble in finding that the testator *Page 477 
intended that his nephew's issue should ultimately come into the estate, and failing issue that it should go to the testator's three nieces.
The nephew stakes his claim on the absolute disposition of the estate to him and his heirs by the tenth paragraph and the rule of construction, that once having given the residue to him unconditionally, the testator had nothing left to dispose of and that the gift over is void, as in Den v. Gifford,9 N.J. Law 46, and Galante v. Silverstein, 98 N.J. Eq. 52. In each of these cases of consecutive absolute gifts of the same estate, and where the second gift was held to be null, it will be observed that there was nothing in any other part of the will which in any way modified or limited the estate given to the first taker. That feature distinguishes the two cases from the one at bar.
Annin's Exrs. v. Vandoren's Admr., 14 N.J. Eq. 135;Rodenfels v. Schumann, 45 N.J. Eq. 383; Gaston v. Ford,99 N.J. Eq. 592, and Tuerk v. Schueler, 71 N.J. Law 331, cited by the nephew to support his contention that the second gift is void, to which may be added Wilson v. Wilson, 46 N.J. Eq. 321,
are distinguishable in that in each instance a power of disposal accompanied the primary gift. They follow the rule stated by Chancellor Kent in Jackson v. Robins, 16 Johns.537: "Where an estate is given to a person generally or indefinitely with a power of disposition it carries a fee." See, also, Downey v. Borden, 36 N.J. Law 460; Kent v. Armstrong,6 N.J. Eq. 637; Wooster v. Cooper, 53 N.J. Eq. 682; Tooker v.Tooker, 71 N.J. Eq. 513; Harkness v. Zelley, 100 N.J. Eq. 48.
In the will under consideration the testator, after giving to the nephew what otherwise would be an absolute estate, cut it down and put an end to it at the nephew's death by giving the residue to his issue and over to the nieces upon failure of issue. The gift in remainder, though it be in a different paragraph, is as pregnant of meaning as the language of the absolute gift to the nephew and cannot be ignored or discarded because it is in conflict with the initial gift. Apparent conflict in provision must be reconciled so that the *Page 478 
whole may stand and all parts of the will be given their full significance. The applicable rule of construction is declared inJones' Executors v. Stites, 19 N.J. Eq. 324, where the chancellor, in addressing his remarks to the language of a will substantially like the one under consideration, said: "The terms on which this residue is given to the two daughters, would give them the absolute estate, were it not for the subsequent limitations; they are adapted to that purpose, and nothing but a clear expression of a different intent would control them. But it is well settled that a devise of lands or bequest of chattels, by words which clearly would give the absolute estate, will be construed into a devise or bequest for life only, if the will contains words giving it to another upon the death of the first taker." Vice-Chancellor Grey adopted the ruling in Peirsol v.Roop, 56 N.J. Eq. 739.
The executor and trustee is advised that Pasquale Giuliano took a life estate in the residue with remainder to his issue and in default of issue the residue will go to the three nieces by way of executory devise and bequest.
Pending the life estate the executor and trustee will hold thecorpus of the estate as required by the statute (Comp. Stat.p. 3087) and as indicated by the chancellor in Jones'Executors v. Stites, supra.
The provision in the will that the nephew, Pasquale Giuliano, expend not less than $5,000 nor more than $10,000 for a mausoleum was not intended to charge him personally with the obligation and to make it a condition to his gift. The inadequacy of his life interest alone forbids that interpretation. The testator intended to empower him to bind his estate and confided to his judgment the manner of fulfilling this sacred wish. That it was purely a confidence is emphasized by another request or direction that the nephew remove to a niche in the mausoleum the remains of the testator's first wife. The executor and trustee will provide the funds.
Decree accordingly. *Page 479