The specific inquiry herein is whether the power of sale contained in the will of Powell G. Fithian, deceased, is to be understood as vesting in his widow absolute ownership of his real and personal property.
The second clause of testator's will provides:
"If, at the time of my death my beloved wife Julia M. Fithian be living then, I give bequeath and devise unto her all my estate, real, personal and mixed, whatsoever and wheresoever, giving her power to sell, or retain any, or all of my said estate either at public or private sale, and upon such terms as she may deem wise and to give good and sufficient deeds to the purchaser or purchasers thereof."
The third clause provides:
"I also will and direct, (because of the expressed desire of my wife) that all my personal property in the nature of stocks and bonds, together with any money accruing from the sale of any real estate that she deems wise to dispose of shall be held in trust by the trustees hereinafter appointed; that the trustees shall from time to time for purposes of renewal, or for other reasons appearing to them to be desirable, reinvest in such interest bearing securities as shall pay the greatest possible rate of interest, commensurate with safe bargaining, and the interest therefrom paid to my wife Julia M. Fithian, so long as she shall live, and in such amounts and at such times as she may choose and direct."
It is contended that the power of sale conferred upon the widow by the second clause of the will is operative to vest in her an absolute estate in fee-simple in the real estate and absolute and unqualified ownership of the personalty, and thereby renders the gift over void.
The rule is fully established in this state that in a testamentary gift, either absolute in form or in form indeterminate as to the quantity of the estate given, if testator, expressly or by implication manifests an intent to vest in the *Page 385 
first taker an uncontrolled power of disposing of the property, such power involves the idea of absolute ownership, and a subsequent limitation over is void as inconsistent with the absolute gift. It follows that if the power of sale expressed in the first clause above quoted is to be regarded as conclusively establishing an intent of testator to vest in the widow an unfettered and uncontrolled power of disposition of the property, it is clear that the subsequent gifts over are void as inconsistent with that power. Downey v. Borden,36 N.J. Law 460, 466. If not given that effect, it is equally clear that the gifts over must be sustained. Jones' Ex'rs v. Stites, 19 N.J. Eq. 324,326. It is also recognized that in an inquiry of that nature, testator's intent must be ascertained from the entire will. Subsequent provisions of the will may disclose testator's intent in that respect when considered in connection with the gift to the first taker. Jones' Ex'rs v. Stites, 19 N.J. Eq. 324; Patterson v. Madden, 54 N.J. Eq. 714, 723; Peirsol v.Roop, 56 N.J. Eq. 739; Sayre v. Kimble, 93 N.J. Eq. 30; WestSide Trust Co. v. Giuliano, 106 N.J. Eq. 475.
In the third provision of testator's will, above quoted, the proceeds of any sale of real estate made by the widow are directed to go to the trustees. That obviously tends to negative any idea of ownership flowing from the power, since it is the expressed intent of testator that the power of sale can only be exercised in behalf of the trust, and not in behalf of the widow. In Cox v. Wills, 49 N.J. Eq. 130 (at p. 133), Vice-Chancellor Pitney says: "In order to bring the case within the rule stated [the rule touching the effect of the power of disposition] the first donee must have an unfettered and unlimited right and power of disposition for his own use, and such was the construction put upon the language of the will in each of those cases." The decree in that case was reversed in49 N.J. Eq. 573, but not in disparity of that view. It follows that the power to sell, so restricted, cannot be properly deemed to vest in the widow absolute ownership of the real estate; the very nature of the restriction imports the contrary. It should be here noted that the trust *Page 386 
referred to is not solely for the widow, but by other provisions of the will is made to continue after the death of the widow for the benefit of her son, Howard.
As to the personalty it will be observed that the stocks and bonds are to be held by the trustees the same as the proceeds of sale of any real estate, thus coupling them together. As is suggested by Vice-Chancellor Green in Hensler v. Senfert,52 N.J. Eq. 754 (at p. 756), this is strong, if not conclusive, evidence that testator regarded both alike as the assets to constitute the trust fund, and not as absolute gifts to his wife.
The evidence discloses that both the widow and son, Howard, are still alive, and that the only real estate owned by testator at his decease is a house and lot at Ocean City. It is my conclusion that the widow enjoys the naked power to sell that lot for the benefit of the trust, and that the trust embraces the stocks and bonds referred to and the proceeds of sale of the lot, when sold, and that the trust must continue until the death of the widow and son.