ADELAIDE REID, complainant,

*v.*

ANTHONY STANKOWITCH et al., defendants.

[Decided August 24th, 1932.]

*Messrs. Cole & Cole,* for the complainant.

*Messrs. Thompson & Hanslein,* for the defendants Betty Popenoe, Paul Popenoe, Emily Eager and Alvin Eager.

INGERSOLL, V. C.

This bill is filed for the purpose of having this court declare complainant's right and status in certain lands and premises. The contention arises under the last will and testament of Emily Stankowitch, dated February 3d, 1931, the salient points of which are as follows:

> *"First.* It is my express wish that the house and ground which I own at *10 N. Providence Ave.* remain intact and not be dismantled, and the entire house and contents I give and bequeath to my sister Adelaide Reid. I desire that said house at 10 No. Providence Ave. Atlantic City be not sold unless at a good price."

This clause, by itself, grants an absolute estate. *4 Comp. Stat. p. 5873, clause 36.*

The first question is: Is this gift limited by the last clause?—"I desire that said house at 10 N. Providence Ave. Atlantic City be not sold unless at a good price."

It should be said that almost the same language is used in the second clause, whereby she gives certain premises in Pennsylvania to her brother Anthony.

Chancellor Runyon, in *Hoxsey* v. *Hoxsey, 37 N. J. Eq. 21,* said:

"Where the language of a testator shows a clear intent to devise the fee of his lands to his wife, words of recommendation or suggestion or advice as to the management or occupation thereof by the family, contained in other clauses, will not limit her estate."

Vice-Chancellor Leaming, in *Deacon* v. *Cobson, 83 N. J. Eq. 122* (at *p. 124*); *89 Atl. Rep. 1029* (at *p. 1030*), said:

"A rule of construction early adopted by the English court of chancery was to the effect that when, by will, property is given absolutely to a person, and the same person is by the testator 'recommended,' 'entreated,' 'requested' or 'wished' to dispose of that property in favor of another, the recommendation, request or wish will be held to be imperative and to

create a trust, if the subject and objects of the trust are certain. That rule of construction was adopted by our court of last resort more than half a century ago, and has since been uniformly recognized by the courts of this state; it cannot be now questioned in this court. *Van Duyne* v. *Van Duyne, 15 N. J. Eq. 503; Eddy* v. *Hartshorne, 34 N. J. Eq. 419; Wood* v. *Camden Safe Deposit Co., 44 N. J. Eq. 460; 14 Atl. Rep. 885; Eberhardt* v. *Perolin, 48 N. J. Eq. 592; 23 Atl. Rep. 501; S. C.* (reversed on appeal, but soundness of rule not questioned), *49 N. J. Eq. 570; 25 Atl. Rep. 510; Cox* v. *Wills, 49 N. J. Eq. 130; 22 Atl. Rep. 794; S. C.* (reversed only as to method of accounting), *49 N. J. Eq. 573; 25 Atl. Rep. 938.* It necessarily follows that the requests of the testatrix in the will and codicil here in question must be given the same force as though the language adopted by testatrix had been, wherever the word 'request' occurs, it is my will and I do hereby order and direct. With this rule of construction uniformly recognized by our courts for so long a period of time, testators and scriveners may be said to have been privileged to rely upon its existence and future recognition."

There is nothing, however, in this clause which, under this latter rule, limits the gift. The main question, however, is—does clause seven of the will, which reads as follows: "In the event of the death of either my brother or sister, his or her share is to revert to the other surviving heir, and upon the death of both my brother and sister the residue is to be divided between my three nieces in California, the children of my brother Anthony," create a limitation? The contention of the complainant is that the language applies only in the event of the complainant and her brother predeceasing the testatrix.

In *West Side Trust Co.* v. *Giuliano, 106 N. J. Eq. 475; 151 Atl. Rep. 275,* Vice-Chancellor Backes held that a devise of lands, by words which clearly would give the absolute estate, will be construed into a devise or bequest for life only, if the will contains words giving it to another upon the death of the first taker.

Vice-Chancellor Leaming, in *Fithian* v. *Fithian, 109 N. J. Eq. 383; 157 Atl. Rep. 563,* discusses the intent of the testator to vest in the first taker an uncontrolled power of disposition which must be ascertained from the entire will, and held that the trust in this case was not solely for the widow, but by other provisions of the will, was made to continue after the death of the widow for the benefit of the son.

It follows, therefore, that the complainant only holds a life interest in the premises 10 North Providence avenue, and a decree will be advised in accordance with these views.

The complainant calls my attention to *Husted* v. *Husted, 109 N. J. Eq. 378; 157 Atl. Rep. 666,* decided by me, as being quite in point. I am unable to see the application.