Complainant seeks construction of the will of John Whitehead, who died August 2d 1913, the pertinent parts of which are as follows:
"Second: (2) I give, devise and bequeath, to my beloved children, Jennie M. Ogden, Elvin Whitehead, Vernie Whitehead, and Estelle Butler, their heirs and assigns, all my estate real, personal and mixed of every kind and character and wherever situate, to be equally divided by my executors hereinafter named among or between my four children, their heirs and assigns, subject to the provisions hereinafter named."
"Twelfth (12) I hereby order and direct that all my stock in the Whitehead Brothers (Stock) Company and all other interest I may have, in said Company be held in trust by my executors, for the term of Five years, from the date of my decease, the income therefrom, to be paid annually, to my four children, Jennie M. Ogden, Elvin Whitehead, Vernie Whitehead and Estelle Butler, their heirs and assigns, equally share and share alike. At the end of said five years, the Principal thereof is to be divided equally between my said children Jennie M. Ogden, Elvin Whitehead, Vernie Whitehead and Estelle Butler, their heirs and assigns forever, Share and Share alike, except as hereinafter provided. If at any time during said Five years, My executors deem it advisable to sell and dispose of said stock and interest, they are hereby authorized to do so, and in case of such sale, shall immediately pay the principal thereof to my said four children their heirs and assigns except as hereinafter provided. Their failure, however, to sell same, during said term of Five years, shall not render them liable in any way, as the executors, are not hereby charged with the duty of seeing that said stock and interest retain its value. At the time of the distribution of the Principal above mentioned, I hereby order and direct that Ten Thousand ($10,000.00) Dollars be retained out of the Share of Elvin Whitehead and Ten Thousand ($10,000.00) Dollars out of the share of Vernie Whitehead and held in Trust by my executors. The income from the same to be paid Annually, to each of my said sons, and on the death of either of my said sons, the Principal upon which he received the income to be paid to the heirs and assigns, of said deceased son."
The executors retained fifty shares each of common and preferred stock of the Whitehead Brothers Company, and it is complainant's contention that under a proper construction of said will he is entitled to the mentioned shares of stock retained by the executors and prays that such shares of stock be turned over to him as his property.
The sole question for determination is whether under the provisions of the will complainant, Vernor Whitehead, is *Page 3 
the owner of said shares of stock. This must be resolved in the negative. A devise of lands or bequest of chattels, by words which clearly would give the absolute estate, will be construed into a devise or bequest for life only, if the will contains words giving it to another upon the death of the first taker.Jones' Executors v. Stites, 19 N.J. Eq. 324; Peirsol v.Roop, 56 N.J. Eq. 739; 40 Atl. Rep. 124; West Side Trust Co. v.Giuliano, 106 N.J. Eq. 475; 151 Atl. Rep. 275.
By the second paragraph of the will testator gave to his four children what would otherwise be an absolute estate in all of his property, were it not for the limitation placed upon the gift by the language immediately following such gift, namely, "subject to the provisions hereinafter named." The testator placed a similar limitation upon the gift of his stock in the Whitehead Brothers Company in the twelfth paragraph of his will, wherein he provides that at the time of distribution, $10,000 is to be retained by the executors out of the shares of Elvin and Vernie and held in trust, the income therefrom to be paid to each, and upon the death of either the principal to be paid to the heirs and assigns of said deceased son.
Applying the rule adverted to above, to the provisions of the will under consideration, Elvin and Vernie took a life estate only in the $10,000 directed to be retained from their shares. The remainder is to be paid to their "heirs and assigns."
In White v. Willever, 112 N.J. Eq. 546; 165 Atl. Rep. 863,
the common law meaning of the word "heirs" is defined as — "those lineal descendants of a decedent upon whom the law casts the succession to real estate immediately upon the decedent's death." And the more general or less restricted technical meaning is there given as "those persons (not necessarily limited to lineal descendants), upon whom the law casts the succession to the realty of a decedent." But "Where the subject of a testamentary gift to `heirs' consists of personalty, instead of realty, that fact is an indication that the testator did not use the word `heirs' in its technical sense; in this state it is a controlling indication — in the absence of *Page 4 other evidence of intention. It is definitely established as a rule of law in New Jersey, that in such a case the word is to be construed as meaning `next-of-kin.'"
The use by testator of the words "and assigns" following the word "heirs" in the bequest here under construction is of no particular significance. These may be regarded as redundant words. Considering that the purpose of introducing the words "heirs and assigns" into deeds and wills was to prevent the operation of the principle of primogenitureship, the idea being that the devisee or grantee may convey the property to assigns and in failure of conveyance his heirs are to take, it becomes readily apparent that the words as used here are meaningless and inaptly used.
It is concluded that Vernor Whitehead took a life estate in the fund in question and that upon his death the principal goes to his next of kin.
Decree accordingly.