ESTHER M. A. BENNETT

v.

THE ASSOCIATION TO PROVIDE AND MAINTAIN A HOME FOR
THE FRIENDLESS.

[Decided April 21st, 1910.]

1. Testatrix, after giving her property to her daughter, not for life nor indeterminately, but to her heirs and assigns forever, adds in another clause an authority to sell or otherwise dispose of the whole in any part or portion, and provided as follows: that if the daughter "should die without children, leaving the estate hereby bequeathed to her, *or any part or portion of the same*, then it is my will that *so much thereof or such part or portion of said estate as she may leave at her decease*, shall go to" (the defendant).—*Held*, that testatrix intended to give to her daughter an estate in fee-simple with absolute and unlimited power of disposition.

2. It was not the whole estate that was to go over, but only such part as the daughter might see fit to leave.

*Mr. Leo Stein,* for the complainant.

*Mr. Frank Benjamin,* for the defendant.

STEVENS, V. C.

I think this case plainly falls within the principle of *Annin's Executor* v. *Van Doren's Administrator, 14 N. J. Eq. (1 Mc-Cart.) 136; McClellan* v. *Larcher, 45 N. J. Eq. (18 Stew.) 17; Rodenfels* v. *Schumann, 45 N. J. Eq. (18 Stew.) 383; Tuerk* v. *Schueler, 71 N. J. Law (42 Vr.) 332*, and *McCloskey* v. *Thorpe, 74 N. J. Eq. (4 Buch.) 413*, rather than within that of *Wilson* v. *Wilson, 46 N. J. Eq. (1 Dick.) 322; Wooster* v. *Cooper, 53 N. J. Eq. (8 Dick.) 682*, and *Tooker* v. *Tooker, 71 N. J. Eq. (1 Buch.) 513*. No one can read the will without being impressed with the conviction that the testatrix intended to give to her "namesake and beloved and adopted daughter" an estate

in fee-simple with absolute and unlimited power of disposition. She gives the estate to complainant, not for life or indeterminately, but to her heirs and assigns forever, and she adds in another clause an authority to sell or otherwise dispose of the whole or any part or portion of it.

It is true that she provides that

"if the said Esther May Anderson Bennett [the complainant] should die without children, leaving the estate hereby bequeathed to her, *or any part or portion of the same,* then it is my will that *so much thereof or such part or portion of said estate as she may leave at her decease* shall go to the Home for the Friendless;"

but in thus attempting to give to the home, she runs counter to that rule which declares that "if the testator either expressly or by implication manifests an intent to vest in the first legatee the uncontrolled power of disposing of the property, such power involves the idea of absolute ownership and the limitation over is void as inconsistent with the rights of the first legatee." *Annin's Executor* v. *Van Doren's Administrator, supra.* In *Wilson* v. *Wilson* and *Tooker* v. *Tooker, supra,* the court did not find in the expressions used any clear indication that the life tenant could consume the principal of the estate at his pleasure. Here what is given to the home is not "what remains," an expression that, taken in connection with the context, may often be construed as "remainder," but "so much" or "such part or portion of said estate as she (my daughter) may leave at her decease." In this there is no ambiguity. It is unmistakably indicated that the testatrix desired her daughter to have the unrestricted power to dispose of principal. It was not the whole estate that was to go over, but only such part as the daughter might see fit to leave.

As to the annual subscription of $5, it seems to me that its payment is discretionary with complainant and not obligatory. *Pom. Eq. Jur.* § *1014; Eberhardt* v. *Perolin, 49 N. J. Eq. (4 Dick.) 570.*