*95 N. J. Eq.*                    In re Smith.

In the matter of the estate of MARY SMITH, deceased.

[Decided December 21st, 1923.]

1. The law abhors intestacy, and it is the duty of the court to sustain a will if there is any way in which it can do so reasonably.

2. Where a testatrix devised and bequeathed her estate to her two sisters, and provided that in case either died before her the survivor should take the whole estate, and both sisters predeceased the testatrix, one childless and the other leaving one child, such child takes the whole estate.

---

*Mr. William H. Morrow,* proctor for the respondent.

*Messrs. Pitney, Hardin & Skinner (Mr. Skinner,* of counsel).

*Messrs. King & Vogt,* proctors for the appellant.

CHURCH, VICE-ORDINARY.

This is an appeal from the Warren county orphans court from an order dismissing exceptions to the account of an administrator on the ground that the exceptants had no interest in the estate. It involves the construction of the will of Mary Smith, late of Hackettstown. The facts in the case are as follows:

Mary Smith, late of Hackettstown, died testate in the year 1921, having made a will dated September 7th, 1880.

She was one of seven children. Three sisters, Susannah, Marilda and Mary, made similar wills dated September 7th, 1880, and each gave to the other sisters the residue of the estate with the provision, "and in case at the time of my decease, either one of my sisters as aforesaid should not be living, then it is my will, and I do hereby give the whole of my estate to the one so surviving."

Susannah married, September 8th, 1880, to a Mr. Wintermute and by her marriage had two sons. She died in 1917, testate, having destroyed the will made September 7th, 1880,

and by a later will gave her estate to her children. At the time of her death she was survived by one son, Elwyn Winter-mute.

Marilda Smith died in 1919, unmarried, survived by Mary. Under the will made by her in 1880, all her estate went to her surviving sister Mary.

Mary married in 1890. Her husband died in 1910. There were no children of the marriage. She died in 1921, *the last survivor of the three sisters*.

On the death of Mary, she was survived by nephews and nieces, the children of predeceased brothers and sisters, of whom Elwyn Wintermute, the son of Susannah, was one.

The entire estate was disposed of by the second clause of the will which reads as follows:

"It is my will and I do hereby give and bequeath to my two sisters Susannah Smith and Marilda Smith, to be divided equally between them, after the payment of my debts and funeral expenses as above mentioned, the balance and residue of my estate both real and personal property in whatever it may consist, or wherever situate; and in case at the time of my decease either one of my sisters as aforesaid should not be living then it is my will and I do hereby give the whole of my estate to the one surviving."

In the court below the learned judge decided: "The condition attached to that provision in the second paragraph became absolutely nugatory and the remaining portion of the paragraph remained in effect, that is, the first paragraph of the will."

The contention of the respondent is that Elwyn Wintermute takes the estate of Mary because he represented his mother, one of the sisters mentioned in the second clause under section 22 of the compiled statutes (at *p. 5866*), which reads as follows:

"Whenever any estate is devised or bequeathed to a child or brother or sister, or descendant, and such devisee or legatee shall die in the lifetime of the testator, leaving a child or children, who shall survive such testator, such devise or legacy shall not lapse, but shall vest in such child or children, *'but this provision shall not apply* where the testator or testatrix shall, by the will or codicil thereto, or other instrument, *have otherwise directed in regard to the children or descendants of the said devisee or legatee dying as aforesaid.'* "

The contention of the appellant is that the last clause of the section above quoted operates to create an intestacy and, therefore, the property of Mary Smith should go in equal parts to her nephews and nieces. But this last clause does not, in my opinion, mean any such thing. It says there shall be a survivorship in the children *unless* the testator otherwise directs. In the instant case the testatrix made no provision whatever except to say that the property should go to her sisters or the survivor.

In approaching the construction of a will, the first question is how can it be sustained in order to avoid an intestacy? It is a well-known principle of law that the law abhors an intestacy and it is the duty of the court to sustain the will if there is any way in which it can do so reasonably.

Considering the will, the clause in the compiled statutes and the circumstances of the case, I am of the opinion that it was the intention of Mary Smith to exclude from participation in her estate all her relatives except two sisters and that the fact that the two predeceased her does not create an intestacy but that the surviving child of the sister take the whole estate.

I will therefore advise a decree in accordance with this memorandum.