The clause of the will sub judice reads:
"Second. I give to my son Aaron Grover Baldwin, M.D., the sum of five thousand dollars, provided I have at the time of my decease the sum of ten thousand dollars or more in cash after paying all my debts, if the sum is less than ten thousand dollars, then in that event the cash shall be divided by giving my said son Aaron Grover Baldwin one-third, and my son Orton Roswell Baldwin two-thirds of said money remaining."
The testatrix died possessed of a parcel of realty, occupied as her residence, of the approximate value of $9,000, four bank accounts aggregating $8,013.46, prepaid shares of stock in two building and loan associations of the value of $3,696.44, ordinary shares of stock in a building and loan association of an estimated value of $2,426.37, eleven shares of stock of Public Service Corporation of the value of $1,255, United States liberty bonds of the value of $300, and wearing apparel, household furniture and silverware of an appraised value of $900. She devised her real estate (together with the wearing apparel, furniture and silverware above mentioned) to her son Orton, the defendant herein. She named her son Orton as executor of her will. Bequests of $400 were made to two cemetery associations. No residuary clause is contained in the will. Complainant and defendant are the next of kin of testatrix. It was conceded in argument by counsel for the respective parties that no debts were owing by the testatrix at the time of her death. The only debts chargeable against her estate were funeral expenses incurred by the executor for her burial. Complainant claims that the terms "cash" and "money," as used hereinabove, are to be regarded as comprehending the bank accounts, building and loan association shares, bonds and shares of stock in Public Service Corporation. The defendant claims that such terms must be given ordinary meaning and therefore restricted to actual cash, or, in lieu thereof, to the moneys in banks. It cannot be presumed that the testatrix intended the use of such terms in such a restricted sense. If she so intended the *Page 93 
result would be that she died intestate as to her shares of stock in the building and loan associations, United States liberty bonds, and Public Service Corporation stock. It is manifest from the proofs herein that upon the personal property of the testatrix being reduced to cash by the executor (there being no debts of the testatrix payable therefrom), the executor would have upwards of $15,000 for disposal. It is a well-established rule of law that a will ought not to be so construed as to produce intestacy, and that the natural and reasonable presumption is, that when a will is executed the testatrix designs to dispose of her entire estate, and does not intend to die intestate as to any part of her property. Leigh v.Savidge, 14 N.J. Eq. 124, 134. I am of the opinion that the terms "cash" and "money," as used by the testatrix in the above-quoted clause of her will, should be regarded as comprehending her bank accounts, building and loan association shares, United States liberty bonds and shares of stock in Public Service Corporation. Without such meaning being attributed thereto the result would be a partial intestacy. In Mount HollySafe Deposit and Trust Co. v. Deacon, 79 N.J. Eq. 120, it was held that the word "moneys" as therein used was to be regarded as having been used in the sense of property, of whatever nature, without which meaning there would be a partial intestacy. The court said: "A great number and variety of adjudicated cases are reported in which courts have been called upon to define the meaning of the term "moneys" as used in wills. An extended review of these cases seems unnecessary. It will be found that the word may be appropriately used to mean cash only, it may also be used as the equivalent of personal estate, and it may also be used as the equivalent of property and thus include real and personal property. In the ascertainment of the intention of a testator in the use of a word of this degree of flexibility in its popular meaning, the context of the will is of peculiar force; if it clearly appears from the context that testator used the word in either of the meanings above suggested, that meaning must be adopted." And the court further said: "It will be observed that if testatrix used the word "moneys" in the *Page 94 
restricted sense of cash, she necessarily intended to die intestate as to the remaining part of her estate. The presumption is against such an intent." Complainant claims, upon the executor reducing to cash the entire personal estate of the testatrix (other than the items of wearing apparel, household furniture and silverware given to the defendant), he is entitled to the legacy of $5,000 hereinabove mentioned, and, in addition thereto, one-half of the sum remaining in the hands of the executor after payment of the $400 legacies provided for cemetery associations. The complainant's claim in such respect, in my judgment, is tenable. I will advise a decree accordingly.