Complainant seeks a construction of the last will and testament of Sarah Borden, deceased, who died on October 24th, 1932. The cause is submitted on the pleadings, an agreed state of facts, and briefs.
The will, which was evidently drawn by the testatrix herself, or for her by some one unskilled in the drafting of such documents, was probated by the surrogate of Monmouth county and complainant qualified as executor thereof. Complainant's doubt as to the proper construction of the will arises from the wording of the paragraph immediately preceding the paragraph numbered "first," which reads as follows:
"I give and bequeath to my brother George Edwin Borden, during his life, the home and lots adjoining, excepting two thousand ($2,000) dollars left to me by my brother Will during my life, after which goes to St. John's Chapel, also all money in banks and investments, and if I survive him:"
Then follow nineteen numbered paragraphs. Paragraph numbered "first" directs the payment of debts and funeral expenses. Paragraph "second" gives $150 to the Methodist Society for the care of a burial plot, and $4,000 to St. John's Chapel "for the maintenance of services." Paragraphs "third" to "sixteenth" inclusive contain money bequests.
Paragraph seventeenth provides as follows:
"Seventeenth: To my nephew Edwin Floyd Borden, I give and bequeath my home situated on Little Silver Point Road, and all adjoining property on Parker Avenue, also all residue of my estate after all the above enumerated bequeaths and debts are paid." *Page 380 
Paragraph "eighteenth" appoints complainant the executor and paragraph "nineteenth" contains a small money bequest.
It is stipulated that George Edwin Borden, a brother of the decedent, received a life estate in all the estate of his sister. He died November 7th, 1932, shortly after the death of the testatrix. It is also stipulated that the real estate described in the paragraph creating the life estate for this brother is the same property referred to in paragraph "seventeenth." Also that "Sarah Borden, who never married, left her surviving one brother, George Edwin Borden, the above named life tenant, and two brothers predeceased her, to wit, Richard Borden and John Borden, and a predeceasing sister was Caroline Ponton (Pontin) and that therefore the heirs-at-law and next of kin of the said Sarah Borden, deceased, are Florence A. Borden, the widow of George Edwin Borden; Edwin Floyd Borden, son of George Edwin Borden; Laura Allaire, Annie Tilton, S. Morris Borden, children of the said Richard Borden (Millie Hill, a daughter of Richard Borden, predeceased testatrix, leaving a son, Leslie B. Hill); J. Fred Borden, a son of the said John Borden; William Ponton (Pontin); Emma Bates; Georgie Field and Carrie Rummage, children of the said Caroline Ponton (Pontin)."
Those heirs-at-law of the testatrix who are not legatees under the will assert that because of the concluding words "and if I survive him" of the paragraph creating the life estate in testatrix' brother, the subsequent gifts are conditional upon the event that testatrix should survive George Edwin Borden; that this condition not having arisen testatrix died intestate as to the remainder after the life estate. The legatees urge that the bequests are not conditional, but absolute.
The primary rule of testamentary construction as expressed in countless authorities is that the plain intent of the testator as disclosed by the language of his will, unless contrary to law, must govern. That intention is to be gathered from a reading of the entire will and not from isolated portions thereof. Supp v.Second National Bank and Trust Co., 98 N.J. Eq. 242;Kutschinski v. Sheffer, 109 N.J. Eq. 659; *Page 381 2 Schoul. Wills (6th ed.) 967, 977. The court must do everything in its power to ascertain the testator's intentions and to see that they are carried out, if possible. Johnson v.Bowen, 85 N.J. Eq. 76. "The predominant idea of the testator's mind, if apparent, is heeded as against all doubts and conflicting provisions which might of themselves defeat it." 2Schoul. Wills 973.
The position taken by those who assert that the provisions of paragraph "first" to "eighteenth" are conditional upon testatrix' surviving her brother is met by the presumption against intestacy. A will should not be so construed as to produce either complete or partial intestacy, unless such intention is clear; a well established presumption is that when a will is executed the testatrix intends to dispose of her entire estate and does not intend to die intestate as to any part of her property. Leigh
v. Savidge's Ex'rs, 14 N.J. Eq. 124; Baldwin v. Baldwin,107 N.J. Eq. 91; Small v. Adams, 154 Atl. Rep. (Del.Ch.) 473;28 R.C.L. 227. "The law abhors intestacy and it is the duty of the court to sustain a will if there is any way in which it can do so reasonably." In re Smith, 95 N.J. Eq. 631.
It is to be noted that paragraph "seventeenth" is a bequest of the residue of the estate. In Carter v. Gray, 58 N.J. Eq. 411,
Vice-Chancellor Grey said:
"When the question presented requires the construction of a residuary clause, the courts have a strong disposition so to interpret it as to prevent an intestacy with regard to any part of the testator's property. Leake v. Robinson, 2 Mer. *386.
`It must always be remembered,' says Sir Richard Pepper Arden, master of the rolls, in Philipps v. Chamberlaine, 4 Ves. *59, `that when the residue is given, every presumption is to be made that the testator did not intend to die intestate.'"
Do the words "and if I survive him" immediately preceding the numbered paragraphs, make the major portion of Sarah Borden's will conditional upon her surviving her brother? I do not believe, upon a consideration of the entire will, that these words express a condition, but that testatrix inserted *Page 382 
them immediately after the provision for her brother to make certain that the will would operate even if she should survive him. The balance of the will contains several guide posts in searching out the real intent of the testatrix. That she did not intend that these bequests should be conditional, but that they were meant to be absolute in any event is first indicated in the very next words succeeding the ambiguous phrase:
"First, I direct that all my just debts and funeral expenses be paid as soon after my decease as can be done."
Can it reasonably be said that the testatrix intended to provide for the payment of her debts and funeral expenses onlyin the event that she survived her brother? Such an interpretation would be absurd and would render almost the entire will ineffective and inoperative, even to the paragraphs disposing of the residue and appointing an executor for, if the condition applies to one of the numbered paragraphs, it applied equally to all. But if this question is answered in the negative, all portions of the will become operative, apparent conflicts are harmonized (Kent v. Armstrong, 6 N.J. Eq. 637; Shannon v.Ryan, 91 N.J. Eq. 491) and partial intestacy avoided. Baldwin
v. Baldwin, supra.
To the same effect, and bearing out the same logical conclusion, is the bequest for the care of the burial plot. Obviously, Miss Borden did not intend that her burial plot should be untended and uncared for if she should die before her brother. So, also, is the provision in paragraph "seventeenth," giving the residue to Edwin Floyd Borden, the son of George Edwin Borden,"after all the above enumerated bequeaths and debts are paid." (Italics mine.)
It is to be noted also that the testatrix in preparing her will saw fit to omit certain of her heirs-at-law and to include some persons who could not take under the Descent act. If the testatrix intended that her numerous bequests should be conditional, then those heirs-at-law not mentioned in the will will take; some of the relatives provided for will be excluded; and the proportionate shares as set out in the will will be entirely changed. It is not reasonable that Miss Borden would have arranged such a plan for the disposal of her *Page 383 
estate with the idea that it was to take effect only if she survived her brother.
As between two reasonable constructions of a will that which makes a gift absolute rather than conditional will be preferred.Acken v. Osborn, 45 N.J. Eq. 377; affirmed, 46 N.J. Eq. 607.
And there can be no doubt that it is within the power of the courts in construing a will to depart from its strict wording when that course is necessary to give effect to the intention of the testator. Marshall's Executors v. Hadley, 50 N.J. Eq. 547;Peer v. Jenkins, 102 N.J. Eq. 235; Creveling's Executors v.Jones, 21 N.J. Law 573. As was said by Mr. Justice Holmes inEaton v. Brown, 193 U.S. 411; 48 L.Ed. 730:
"The English courts are especially and wisely careful not to substitute a lively imagination of what a testatrix would have said if her attention had been directed to a particular point, for what she has said in fact. On the other hand, to a certain extent, not to be exactly defined, but depending on judgment and tact, the primary import of isolated words may be held to be modified and controlled by the dominant intention, to be gathered from the instrument as a whole."
It is not a word; it is the intent of the testator manifested in his will that is sacred and must prevail. Den, ex dem. Brown
v. Mugway, 15 N.J. Law 330; Elizabeth Trust Co. v. Clark,96 N.J. Eq. 550; Swetland v. Swetland, 100 N.J. Eq. 196.
A question also arises as to the provisions of paragraphs numbered "fifteenth" and "sixteenth" which read as follows:
"Fifteenth: I give and bequeath to the Diocese for Missionary Work in the pines the sum of five hundred ($500) dollars.
"Sixteenth: I give and bequeath to the Diocese for the Church's Mission of help, the sum of five hundred ($500) dollars."
It is stipulated that the correct name of the legatees mentioned as "the Diocese for Missionary Work in the Pines" and "the Diocese for the Church's Mission of Help" is "The Trustees of the Cathedral Foundation in the Diocese of New Jersey" and that both legacies are to the same legatee. *Page 384 
In the absence of any manifestation of a contrary intent two legacies equal in amount bequeathed to the same legatee in the same instrument are considered to be mere repetition of each other and the legatee will take only one. Creveling's Executors
v. Jones, supra; Dickinson v. Overton, 57 N.J. Eq. 26; 2 Rop.Leg. 995.
"Courts have required some new or additional cause for enlarging the bounty, before they have held it cumulative, unless the words of the will clearly showed the intent." DeWitt v.Yeats (N.Y.), 10 Johns. 156.
It further appears by stipulation filed, that although these gifts are to the same legatee, the character of the work mentioned in paragraph "fifteenth" is separate and distinct from that referred to in paragraph "sixteenth," "missionary work in the pines" consisting in holding church services for people resident in the pines of South Jersey who are unable to support a church with their own funds; and the "Church's Mission of Help" being a social service work carried on amongst girls throughout the diocese. This state of facts combined with the language used in the will sufficiently overcomes the presumption of repetition and indicates that the real intent of the testatrix was to make two separate gifts of $500 each, to the same diocese, but each for a different purpose. Testatrix evidently knew she was making two gifts to the same legatee, which she refers to as "the diocese," but by separating them she indicated the use which she desired to be made of them respectively.
The life estate of George Edwin Borden having terminated the remainder should be distributed in accordance with the provisions of paragraphs "first" to "nineteenth" inclusive.
I will advise a decree in accordance with these conclusions. *Page 385