Complainant, trustee, has filed a bill seeking a construction of the will of Albert H. Eberhardt, deceased, as well as for instructions as to its duties thereunder.
At the final hearing, the only matter left for the court's opinion was the question as to whether or not bequests to brothers and sisters of the decedent were cumulative and, in order to answer this question, the following pertinent paragraphs of the will must be set forth.
By the terms of the will, testator created a trust of "my estate, real, personal mixed" in favor of his wife, "for 
during the term of her natural life" and then provided:
"At the death of my wife, Lizzie C. Eberhardt, or in case of her death in my lifetime, then at my death I direct my said trustee to *Page 340 
pay over transfer deliver, the principal of the Trust herein before credited in the following Manner, absolutely in fee freed discharged of the Trust hereinbefore created, to wit
"The sum of $495 to each one of my brothers, sisters living, at the time of distributions, or to their children if they are (parents) dead.
"The sum of $495 to Frederick (702 Park Ave. Collingswood) N.J." (A. Eberhardt, Absolutely * * *" (a brother).
"The sum of $495 absolutely to my sister Martha Mowers, Quinton, N.J.
"The sum of $495 to my brother absolutely James A. Eberhardt Wilmington, Del.
"The sum of $495 to my sister Anna Dorrill absolutely Morgantown, West Va — 228 Green St
"The sum of $495 absolutely to my sister Mrs. Ella Langlorn Camden, N.J. 228 Green St."
On the next page of the will the testator continues:
"To Mrs. Bertha Jones the 210 Greenway Darby Pa sum of $495 absolutely, to be placed in her hands, for distribution to her brothers, sisters as she sees fit
"To Mrs. Emma Rogers Olney 436 Somerville Ave. Phila the sum of $495 absolutely, to be placed in her hands distributed as she sees fit among her brothers, sisters
"To Rev. Leroy Gale Heyden Col $495 absolutely to be divided between himself his sister May Smashey Spiller."
Testator then goes on with specific money gifts to Drew University, the Methodist Episcopal Church of Quinton, New Jersey, c.
Did the testator intend that the gift of $495 to each one of his brothers and sisters should be cumulative or did he intend that each brother and sister should receive only $495?
In Dickinson v. Overton, 57 N.J. Eq. 26 (at p. 32), this court held:
"The rule of construction is that, in absence of anything to manifest a contrary intent, two legacies of a quantity of equal amount bequeathed to the same legatee in one and the same instrument are considered as mere repetition of each other, and the legatee will take only one."
Vice-Chancellor Berry, in Second National Bank and Trust Co.
v. Borden, 113 N.J. Eq. 378 (at p. 384), cites the above case with approval, and also the case of DeWitt v. Yeats (N.Y.),10 Johns. 156, as follows:
"Courts have required some new or additional cause for *Page 341 
enlarging the bounty, before they have held it cumulative, unless the words of the will clearly showed the intent."
The same vice-chancellor, in Rowe v. Rowe, 113 N.J. Eq. 344,
cited Dickinson v. Overton, supra, with approval.
The case of Creveling's Executors v. Jones,21 N.J. Law 573, does not resort to the rule of construction above stated, but in that case the question was determined on the intent of the testator, as gathered from the provisions of the will.
I fail to see how, by the wording of the will, any intent may be gathered on the part of the testator that his brothers and sisters were to have double legacies, but it seems to me to be clear that the testator intended a single gift of $495 to each and that having given that sum "to each one of my brothers, sisters," he endeavored to be more explicit by particularly naming each one of his brothers and sisters and giving their addresses in the immediately succeeding paragraphs of his will. This intent would seem to be fortified by the fact that, having authorized and directed his trustees to pay over the principal of the trust in sums of $495 each to his brothers and sisters, he followed by saying in each paragraph in which he specifically named each brother and sister, "the sum of $495," and having specifically named each brother and sister, he then proceeded with the bequests to others than his immediate family and, instead of saying "the sum of $495 to Mrs. Bertha Jones," he said, without using the article "the," "to Mrs. Bertha Jones" the sum of $495, and continues thereafter to use the word "to" instead of the article "the," as used with reference to the paragraphs dealing with the $495 to each brother and sister.
It will be noted that the gifts in each instance, i.e., in the clause dealing with the brothers and sisters generally, as well as in the clauses particularly naming each brother and sister, are absolute, and that the only difference is that in the clauses specifically naming the brothers and sisters the testator did not repeat the provisions "living at the time of distributions, or to their children if they are [parents] dead" and it seems to me that the intent of the testator was that each of the named brothers and sisters were to receive one sum of $495 if they were living at the time of distribution and if not, the *Page 342 
share of the deceased parent or parents was to go to the child or children of such deceased parent or parents.
It would seem to me that the objects of testator's bounty were his brothers and sisters and that he wanted each one of them, living at the death of the life tenant, to have the sum of $495 and that the children of a deceased brother or sister should get their deceased parent's share; but if the gifts were determined to be cumulative, we have this situation. The brothers and sisters generally, named in the first paragraph, had, on the death of the testator, vested legacies, subject to be divested by their death prior to the time of distribution, and in the event of the death of a brother or sister before distribution, leaving a child or children, he or they then had a vested interest in the share of the deceased parent. If there were no children, the bequest would go to the residuary legatee. Now, if the following paragraphs of the will are to be construed as separate and distinct gifts, other than those in the first paragraph, each brother and sister had a vested interest in the $495 immediately on testator's death and, in the event of a brother or sister dying before distribution, his or her share would go to the next of kin, irrespective of whether a child or children survived and there would be no augmenting of the residuary estate. It is quite clear that testator was not interested in the next of kin of a brother or sister, other than the children of a deceased brother or sister, and that he was interested in them, and that he wanted all of his estate, other than that he disposed of by specific bequests, to go to the Board of Foreign Missions of the Methodist Episcopal Church, in order to assist that body "in the spreading of the Gospel throughout the world."
The brothers and sisters living at the time of the death of the widow of the testator were James A. Eberhardt, Anna Dorrill and Ella Langlorn. Frederick A. Eberhardt, a brother, had died, leaving two children, Sarah Green and Alberta Porter. Martha Mowers, a sister, was deceased, leaving a child, Bertram Mowers, and the trustee is directed to pay to these living brothers and sisters $495 each, and to the children of the deceased brother and sister their proportionate shares of like amounts. *Page 343 
In Creveling's Executors v. Jones, supra, the court of errors and appeals held:
"Upon a question whether two legacies shall be construed to be cumulative or not, a fair and forceable argument in support of the increase may be drawn from the fact that they are for different sums; or the sums are stated in different sections of the will; or one in the will and another in a codicil; or the sums are made payable at different times, or out of different funds. But these matters must appear on the face of the will itself, or will and codicil, as the act of the testator himself, and not to be a mere implication of law or construction, for this would be settling the intention of the testator in a doubtful clause by other doubtful clauses."
A reading of the will of the testator in the instant case does not present any of the elements above set forth, from which the court could support the theory of cumulative legacies.
A decree will be advised in accordance herewith.