Emilie T. Parmentier died on May 20th, 1935, leaving a last will and testament, which has been duly probated and letters testamentary thereon issued to the Pennsylvania Company, and the complainants have filed this bill asking for a construction of said will.
Complainants are grandnieces and grandnephews of the decedent and her only living relatives.
It is the contention of the complainants that they are entitled to all of the realty owned by the decedent not specifically *Page 26 
devised by the last will and testament of the decedent, the particular real estate to which the complainants lay claim being the former home property of the decedent, situate on Washington street in Cape May City, New Jersey.
Decedent's will discloses that by the terms of the twenty-first paragraph thereof she ordered her executors to sell all of her real estate, with the exception of the home property aforesaid, and bequeathed the proceeds arising from such sale to her friend, Frances R. Brooks.
The twenty-first paragraph of the will reads as follows:
"Twenty-first: I have no knowledge of any living relatives and if there are any living relatives they have never cared enough about my comfort or prosperity to make themselves known to me or do anything for me. Therefore, it is my will that my executors, hereinafter named, shall sell all real estate left by me and wherever situate, except my home property on Washington Street, which extends through to Madison Avenue, Cape May City, New Jersey, at public or private sale, at such price or prices as to my executors shall seem reasonable, and to give proper deed or deeds for the conveying of the same in fee simple to such purchaser or purchasers, hereby releasing such purchaser or purchasers from any and all liability as to the application, mis-application or non-application of the purchase money therefor, and that the proceeds arising from such sale or sales I give, bequeath and devise unto my friend, Frances R. Brooks."
The twenty-second paragraph of the will reads as follows:
"Twenty-second: All the rest, residue and remainder of my estate I give, bequeath and devise unto my friend, Frances R. Brooks, in consideration of her care, affection and attention given me during my lifetime, but it is my will and I hereby expressly charge that her husband, Joseph R. Brooks, shall not, in any wise, either as to the income or principal, derive any benefit or benefits from my estate."
The twenty-third paragraph of the will reads as follows:
"Twenty-third: I hereby request that the said Frances R. Brooks move into my home property and live there during the remainder of her life, keeping the same intact and in the same condition as during my lifetime, so far as may be possible, and no pictures to be removed from the sitting-room."
Frances R. Brooks is living and at the time of the filing of the bill of complaint was married to Joseph R. Brooks, who was and is also living. *Page 27 
It is the contention of the complainants that the devise to Mrs. Brooks under the twenty-second paragraph of the will aforesaid was upon the express condition that Mrs. Brooks' husband should derive no benefit from decedent's estate and that by virtue of P.L. 1927 ch. 71 p. 128, as amended by P.L. 1928ch. 209 p. 380, the husband of Mrs. Brooks, if she takes under the devise, acquires a life interest "of the one full and equal half part" of the lands in question and that the devise to Mrs. Brooks could not vest, under these circumstances, in Mrs. Brooks, by reason of the impossibility of her taking the devise without her husband benefiting therefrom.
It is contended by the complainants that the condition set forth in the twenty-second paragraph of the will was a condition precedent, and by the defendants, that if it was a condition at all it was a condition subsequent.
Without determining the legal situation that might arise upon a determination of the question as to whether or not the alleged condition is precedent or subsequent, let us see whether or not, from a fair reading of the will, the clear intention of the testatrix is expressed and if so, whether that intention justifies a finding that there was a condition precedent or subsequent.
Of course, the whole will must be taken into consideration in arriving at the testatrix' intention, and we have her declaring in the twenty-first paragraph of her will that —
"I have no knowledge of any living relatives and if there are any living relatives they have never cared enough about my comfort or prosperity to make themselves known to me or do anything for me."
Starting out with the state of mind, as expressed by the testatrix, as above quoted, we have her knowledge that her good friend, who had taken care of the testatrix and bestowed her affection upon the testatrix, was married, and that her husband was living and, in so far as this court is permitted to infer, was, at the time of the execution of the will, cohabiting with Mr. Brooks. With this knowledge, she directed that all of her real estate, with the exception of her homestead, be sold and that the proceeds be given to her friend, Mrs. *Page 28 
Brooks. She evidently knew or was advised that the sale of this real estate constituted an equitable conversion and that the proceeds would go to her friend, Mrs. Brooks, freed of any claim on the part of her husband.
Having accomplished the purpose above indicated, she had reserved her homestead from the sale of her other real estate and her evident reason for so doing was that she desired her friend, Mrs. Brooks, to live in that homestead for the remainder of her life and to keep the same intact and in the same condition as during her lifetime, and even went to the extent of requesting that "no pictures to be removed from the sitting room."
In this situation, by the twenty-second paragraph of decedent's will she bequeathed and devised all the rest, residue and remainder of her estate to Frances R. Brooks, "in consideration of her care, affection and attention given me during my lifetime."
Testatrix evidently knew that Mr. Brooks must get a life interest in one-half of the homestead property if Mrs. Brooks was to take under the devise, and if complainants' contention is correct, then it must be concluded that she gave to Mrs. Brooks her homestead, knowing that it would be impossible for her to accept the devise unless she could procure from her husband a release of his life interest. If this had been the purpose of the testatrix, it would have been easy for her to have so provided in her will, by express provision, that Mrs. Brooks should not have or occupy the real estate unless she procured such a release. This she did not do, but she provided that, "it is my will and I hereby expressly charge that her husband, Joseph R. Brooks, shall not, in anywise, either as to the income or principal, derive any benefit or benefits from my estate."
It seems to me that it is clearly evident, taking the twenty-first, twenty-second and twenty-third paragraphs of the will and reading them together, that the testatrix did not intend to impose any condition upon Mrs. Brooks which might defeat her main purpose, which was that Mrs. Brooks should have all of her estate, including the homestead. She did not know of the existence of her grandnieces and grandnephews *Page 29 
and she certainly never intended that they should participate in her estate at all and she surely did not intend that the homestead should escheat to the estate. With this intention on the part of the testatrix so clearly apparent, it seems to me that when she said that Mr. Brooks was not to derive any benefit from her estate as to the income or principal, that she meant the principal derived from the sale provided for in the twenty-first paragraph of the will, and that she meant that the income derived from that principal must be kept and used so that the husband could not participate in the enjoyment thereof. With this construction of the will the evident intention of the testatrix is carried out. Mrs. Brooks has the personalty which came to her under the twenty-first paragraph of the will and she has the homestead under the twenty-second paragraph of the will, and she is requested to enjoy that homestead for the rest of her life, in accordance with the twenty-third paragraph of the will.
It would seem that instead of creating a conditional fee in Mrs. Brooks, testatrix' evident intention was to create a fee absolute and that, coupled with that estate, she made known to her friend, Mrs. Brooks, her strongly expressed wish and will that the husband of Mrs. Brooks be not permitted to derive any benefit from the principal or income of those portions of her estate from which income might be realized from the principal. By asking Mrs. Brooks to live in the homestead, she sought to provide against income arising from that part of her estate.
This construction of the will prevents intestacy as to the homestead and it carries out that which was clearly the predominant thought in testatrix' mind: (a) the unknown relatives of the testatrix will not take under the will; (b) all of testatrix' real estate, with the exception of the homestead, will be converted into personalty, in order that her sole beneficiary may take the proceeds free from any control on the part of Mr. Brooks, and (c) the sole beneficiary will have title to the homestead and be enabled to carry out the desire of the testatrix that she reside therein for the balance of her life. *Page 30 
Any other construction than as above indicated would result in intestacy as to the homestead and is contrary to the presumption that the testatrix intended to dispose of her entire estate.
As pointed out by Vice-Chancellor Berry in Second NationalBank and Trust Co. v. Borden, 113 N.J. Eq. 378 (at p. 381):
"A will should not be so construed as to produce either complete or partial intestacy, unless such intention is clear; a well established presumption is that when a will is executed the testatrix intends to dispose of her entire estate and does not intend to die intestate as to any part of her property. * * * The law abhors intestacy and it is the duty of the court to sustain a will if there is any way in which it can do so reasonably."
The result reached herein will also be in accord with the principle that as between two reasonable constructions of a will, that which makes a gift absolute rather than conditional will be preferred. Second National, c., Co. v. Borden, supra (at p.383); Page on Wills 1881 § 1129.
If the intention of the testatrix had been to deprive Mr. Brooks of his curtesy right, the condition so imposed on the estate by the devise would be void and testatrix, having devised to Mrs. Brooks an estate in fee, the court will carry out that portion of the devise and reject the condition.
In Mullany v. Mullany, 4 N.J. Eq. 16 (at p. 22), the chancellor dealt with this subject and cited many cases, among others Goodill v. Brigham, 1 Bos. P. 192, from which case he concluded as follows:
"And in this case I refer to the views of Mr. Justice Buller * * *. He says, `the devisor seems to have had two intentions, which are inconsistent; one was to give an estate in fee to thefeme covert, the other to qualify it in such manner as that her husband should have no power over it. The last is contrary to the rules of law: the court will, therefore, carry into effect the first intention, and reject the other.'"
He further said that from the cases examined and cited by him he came to the conclusion: "that those incidents which *Page 31 
by law are inseparably annexed to an estate, cannot be prohibited by any condition or limitation expressed in the deed or will; and that when a man gives a fee-simple, he has parted with all the interest which he had, and cannot be permitted to say, that such estate shall not be subject to all the restraints imposed upon it by law."
A condition precedent is a condition upon the happening of which an estate will vest. A condition subsequent defeats an estate already vested. 28 R.C.L. 312 § 297. Subsequent conditions are preferred in construction. Page on Wills (at p.1885) § 1131.
In Trumbull v. Gibbon, 22 N.J. Law 117, the supreme court decided that an estate in fee upon condition would not be defeated if the condition be declared void, but that an estate in fee would stand freed of the condition. In this case the court dealt with a condition subsequent and in the case sub judice
the condition is one to defeat the estate devised and not one upon which the estate was to vest.
A decree will be advised in accordance herewith.