This suit was commenced by a petition to the Union County Circuit Court for a declaratory judgment. By order of that Court dated May 3, 1948 it was transferred to the Court of Chancery. *Page 408 
Fannie C. Turner died on February 11, 1947, leaving a last will and testament dated September 16, 1943, which was duly probated by the Surrogate of the County of Union, which inter alia
provided as follows:
"Third. I give, bequeath and devise absolutely and in fee simple to my said beloved daughter, Vella Wooten, all my land and premises known and described as street number 212 Spooner Avenue, Plainfield, New Jersey, subject, however, to the provisions hereinafter mentioned.
"Fourth. I direct that my said daughters, Viola Harvey and Ruth Mizell, shall have the right to reside in my said home devised and bequeathed as set forth in the third paragraph of this my last Will and Testament, and as long as they might desire so to do, provided, however, that they share equally in respect to the upkeep of the said lands and premises and the payment of taxes, water rents and other assessments against the same.
"Fifth. I further direct that if the said Vella Wooten should at any time during her life sell or dispose of the said lands and premises herein devised by me and as set forth in the third paragraph of this Will, then and in that case the proceeds of the sale shall be divided equally between herself, the said Viola Harvey and the said Ruth Mizell."
Testatrix at the time of her death was seized of premises known as 212 Spooner Avenue, Plainfield, New Jersey. Since the death of testatrix, the defendants, Viola Harvey and Arthur Harvey her husband, and their children have been in possession of these lands and premises and have collected the rents therefrom. During this time they have denied the plaintiff Vella Wooten the right to occupy any part of the premises.
The complaint seeks a construction of the will. The pretrial order gives the plaintiffs leave to amend their complaint to include a cause of action against the defendants for an accounting of the rents, issues and profits of the mentioned premises.
There can be no doubt that under the third paragraph of testatrix' will, Vella Wooten took an estate in fee simple in the premises 212 Spooner Avenue. The language is clear and unambiguous. By the fourth and fifth paragraphs of the will the testatrix places a limitation upon the fee. In the fourth paragraph she directs that her daughters, Viola Harvey and Ruth Mizell, shall have the right to reside in said premises as *Page 409 
long as they desire so to do. By the fifth paragraph she directs that if the premises are sold by Vella Wooten that the proceeds thereof are to be equally divided among the said Vella Wooten, Viola Harvey and Ruth Mizell.
The provisions of the fourth and fifth paragraphs of the will are plainly inconsistent with the provisions of the third paragraph. They demonstrate that testatrix had two intentions with respect to this property — the first to give it outright to her daughter, Vella Wooten, and the second to place a limitation upon the fee by directing that her other two daughters may occupy the premises, and that if the premises are sold the proceeds are to be divided among her three daughters.
In construing wills the court is guided by certain fixed rules of construction, one of which is that where a testator has manifested an intent to vest an absolute fee simple in the first taker a subsequent limitation thereof is void as inconsistent with the rights of the first taker. Kutschinski v. Sheffer,109 N.J. Eq. 659, 158 Atl. 499; Parmentier v. Pennsylvania Co.for Ins., c., 122 N.J. Eq. 25, 192 Atl. 62, affirmed124 N.J. Eq. 272, 1 Atl. (2d) 332. In the latter case, atpage 30, the court quoted from Mullany v. Mullany,4 N.J. Eq. 16 (at p. 22) an excerpt which is singularly applicable to the will here under consideration as follows:
"And in this case I refer to the views of Mr. Justice Buller * * *. He says, `the devisor seems to have had two intentions, which are inconsistent; one was to give an estate in fee to thefeme covert, the other to qualify it in such manner as that her husband should have no power over it. The last is contrary to the rules of law: the court will, therefore, carry into effect the first intention, and reject the other.'"
"He further said that from the cases examined and cited by him he came to the conclusion: `that those incidents which by law are inseparably annexed to an estate, cannot be prohibited by any condition or limitation expressed in the deed or will; and that when a man gives a fee-simple, he has parted with all the interest which he had, and cannot be permitted to say, that such estate shall not be subject to all the restraints imposed upon it by law.'"
Under the third paragraph of the will Vella Wooten took an estate in fee simple and the limitations contained in the fourth and fifth paragraphs of the will are void. Vella *Page 410 
Wooten is entitled to an accounting of the rents, issues and profits of the premises by the defendants, Viola Harvey and Arthur Harvey.
Plaintiffs also seek construction as to the right of Vella Wooten as executrix to take possession of and hold for distribution the personal property of decedent.
Under the second paragraph of the will testatrix bequeathed to Vella Wooten all household goods of which she died possessed located in the home 212 Spooner Avenue, Plainfield, and directed that her daughter, Vella Wooten, shall divide the same equally between herself and her sisters, Viola Harvey and Ruth Mizell, "in the manner that she shall think just and proper." The mere recitation of this paragraph speaks for itself. Vella Wooten as executrix is entitled to possession of this personalty for the purpose of distribution as in the will directed.
Judgment in favor of the plaintiff Vella Wooten individually and as executrix of the estate of Fannie C. Turner, deceased.