14 N.J. Super. 440 (1951)
82 A.2d 222
OTTILLA CREE AND RALPH GRIEB, INDIVIDUALLY AND AS EXECUTORS OF THE ESTATE OF MICHAEL GUSTAV GRIEB, DECEASED, PLAINTIFFS,
v.
ELLA KENNEDY, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF MICHAEL GUSTAV GRIEB, DECEASED, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 20, 1951.
*441 Mr. Irving V. Schwartz, attorney for plaintiffs.
Messrs. Weiner & Weiner (Mr. Harry J. Weiner, appearing), attorneys for defendant.
STEIN, J.S.C.
Michael Gustav Grieb died on May 29, 1949, leaving a last will and testament, which was probated by the Surrogate of Union County on August 25, 1949. He appointed his three children executors thereof, namely, Ottilla Cree and Ralph Grieb who are the plaintiffs herein, and Ella Kennedy the defendant. The estate consists of approximately $1,000 in cash and a one-family house in the City of Linden. Prior to his death testator occupied this house with his daughter, Ella Kennedy the defendant. Since testator's death she has continued her occupancy.
Differences have arisen between plaintiffs and defendant as to the extent of the estate acquired by defendant under testator's will; whether or not defendant properly maintained the house during her occupancy; whether she denied plaintiffs access to the house for the purpose of making repairs and exhibiting it to prospective purchasers and whether defendant should be charged for the value of her use and occupancy since testator's death. Plaintiffs procured a purchaser for the house for the sum of $14,200 but defendant refused to execute the contract of sale.
The matter has been submitted upon an agreed statement of issues. Preliminarily, defendant's interest under the will, is to be determined.
The second and fifth paragraphs of the will provide as follows:
"SECOND: All of the rest residue and remainder of my Estate, real, personal and mixed, of every nature and description, and either acquired before or after the execution of this Will, I give, devise and bequeath unto my three children, Ottilla Cree, Ella Kennedy and Ralph Grieb, equally, share and share alike."
*442 "FIFTH: I direct that the respective share of my daughter, Ella Kennedy, shall be placed in a depository of any bank in the City of Elizabeth, New Jersey, and an account opened therein under the name of the said Ella Kennedy, and the remaining executors, and to pay over to her out of said sum so deposited, an amount not to exceed $50.00 per month, during her lifetime. In the event that the said Ella Kennedy dies prior to the withdrawal of the full amount originally deposited to this account, I direct that the balance then remaining in said account shall revert to the surviving children equally."
It cannot be doubted that under the second paragraph of the will, testator's three children took an estate in fee simple in the residue of his estate. The effect of the language of the fifth paragraph is to reduce the interest of the defendant Ella Kennedy from a fee simple estate to a life estate, with remainder over of whatever remains at her death to his surviving children. Clearly the provisions of the fifth paragraph are inconsistent with the provisions of the second paragraph.
Where a testator has manifested an intent to vest an absolute fee simple in the first taker, a subsequent limitation thereof is void as inconsistent with the rights of the first taker. Wooten v. Harvey, 1 N.J. Super. 406, 61 A.2d 756 (Ch. Div. 1948); Kutschinski v. Sheffer, 109 N.J. Eq. 659, 158 A. 499 (E. & A. 1932); Parmentier v. Pennsylvania Co. for Ins., &c., 122 N.J. Eq. 25, 192 A. 62 (Ch. 1937), affirmed 124 N.J. Eq. 272, 1 A.2d 332 (E. & A. 1938).
In Trafton v. Bainbridge, 125 N.J. Eq. 474, 6 A.2d 209, the Court of Errors and Appeals laid down three rules governing testamentary dispositions of the kind here presented. This matter comes squarely within the first rule there stated as follows:
"(1) Where there is a devise or bequest of property to A, in terms indicating clearly that a fee-simple estate is intended to be given, a fee passes; and a subsequent provision for a gift to B, at A's death, of the same property  either the whole thereof or whatever remains  is invalid and passes nothing. Annin's Ex'rs v. Van Doren's Adm'r, 14 N.J. Eq. 135; McClellan v. Larchar, 45 N.J. Eq. 17; Bennett v. Association, &c., for the Friendless, 79 N.J. Eq. 76; Gaston v. Ford, 99 N.J. Eq. 592."